The opinion of the Court was afterwards given by
Parsons, C. J.
Error to reverse a judgment in favor of the commonwealth, vesting, by way of escheat, certain lands claimed by the plaintiff’s wife, as heir to Michael Martin and his wife, against whom the judgment was rendered in December, 1780.
The commonwealth pleads, in bar of the writ, the statute of 1805, c. 35, limiting the bringing of writs of error to the term of twenty years from the rendition of the judgment.
The plaintiffs in error, to bring themselves within the proviso of the statute, reply that the wife’s right first accrued *when she was an infant, and that the plaintiff inter- [ * 188 ] married with her during her infancy.
The defendants, in their rejoinder, agreeing the infancy of the plaintiff’s wife at the time her title accrued, and also their intermarriage during her infancy, say that, after her title to the writ of *170 error accrued, and after she became of full age, five years had elapsed before suing out the writ in this case.
To this rejoinder there is a demurrer and joinder.
In the proviso of the statute before referred to, it is declared that if any person, entitled to his writ of error, shall, at the time the title accrued, be an infant, feme covert, or non com/pas mentis, he may sue his writ of error after twenty years, so that it be sued within five years after the disabilities are removed, or the death of the person disabled, whichever first shall happen.
It is therefore very clear that the infancy of the wife, at the time her title accrued, cannot bring her within the exception, because the writ was not sued out within five years after her coming of age. But the plaintiffs contend that, as another disability of coverture occurred before the termination of her infancy, which disability existed when her right accrued, they are within the proviso ; because there has been no moment of time, since her right accrued, in which she has not been disabled.
As tlie plaintiffs are barred by the enacting clause, unless they are within the proviso, the effect of their replication must depend upon the construction of the proviso. And we are all satisfied that ,.e disability, to be sufficient to bring the plaintiffs within it, must oe existing at the time their right first accrued. This opinion is supported by the express words of the proviso, and we have no power, by an equitable construction, to defeat the operation of the enacting clause.
Statutes of limitation are beneficial statutes, made to quiet people in their possessions, and to prevent suits at law, after an unreasonable delay in commencing them. In the case of Lloyd vs. Vaughan, (3) the reversioner brought error to reverse a common recovery, after twenty years from its being [*189 ] * suffered, but within twenty years after his title accrued ; and he was barred, because he was not a person within the proviso made to relieve against the disabilities there mentioned ; and it was holden that he had no remedy, unless the reversion had fallen within twenty years after the recovery. And in Prideaux vs. Webber, (4) where the statute of limitation was pleaded to an action of assault and battery, and the plaintiff replied that the courts were shut up by a rebellion, the plea was holder, good, because the exception replied was not within the statute. Both these cases may be considered as hard cases, but hey were barred.
In the present case, the husband might have sued his writ *171 within the twenty years. He was not under any disability, and ought to have prosecuted the rights of his wife. If we were once to admit a disability not existing when the right accrued, as within the proviso, it would be difficult to decide how far we must go. In the limitation of personal actions, the plaintiff, a female infant, may marry after her right has accrued: or an infant just before he is of age, and after the cause of action accrued, may go abroad; and, however long absent, he would prevent the effect of the statute until his return. We must, therefore, adhere to the express words, and natural and clear import, of the proviso; and the rejoinder must be holden good and sufficient in law.

Let the plaintiffs take nothing by their writ.

 Str. 1257.

 1 Lev 31