## EDWARD BUTLER & *ux.* *vs.* PEARL HOWE.

If several disabilities exist together, at the time when the right of action accrues, the statute of limitations does not begin to run until the party has survived them all.

But under the statute, a party cannot avail himself of a succession of disabilities, but only of such as existed, when the right of action first accrued.

These principles apply to the ninth section of the statute of 1821, *ch.* 62.

Where a feme sole infant, entitled to the possession of personal property, made a demand thereof, and afterwards, during the infancy, became covert, and so continued until the suit was brought : *it was held,* that the cause of action accrued at the time when the demand was made ; and that the action, having been commenced more than six years after she became twenty-one years of age, was barred by the statute of limitations.

EXCEPTIONS from the Court of Common Pleas.

This action is *trover* for a bed, bedstead and bedding of the value of $50,00 which are alleged to have come into the possession of the defendant on the 21st day of *January*, 1806, and afterwards, on the 17th day of *February*, 1835, to have been wrongfully converted by him to his own use. Plea the general issue and a brief statement, that the cause of action, if any, did not accrue within six years next before the commencement of this suit. To prove the issue on his part, the plaintiff called one *M. Foster*, who stated, that as nearly as she could recollect, that in the year 1806, her late husband, father of plaintiff's wife, while on his

dying bed, directed that the articles named in the writ should be given to his daughter *Polly*, then about six years old, now wife of the plaintiff, to go with *Polly* to the defendant's, whose wife was sister of *Polly*, with whom she lived about two years; the articles to be delivered *Polly* when she came to the age of 21, or when she needed them; that soon after the death of her husband, she delivered the articles to defendant. There was no agreement that de-defendant should deliver the articles to *Polly*, but the defendant knew the conditions on which they were delivered to him; she further stated that *Polly* had been married 14 or 15 years, and thought she might have been 19 or 20 years old when married, but of that she could not be certain. On cross-examination she stated, that she had frequently heard *Polly* complain, that she had asked defendant for the articles, but he refused to deliver them up. This she had heard as well before as after her marriage. It was admitted that on the 17th day of *February*, 1835, before the service of the writ, the articles were demanded of the defendant and he refused to deliver them to the plaintiffs. *Perham J.* who presided at the trial, instructed the jury, that the statute of limitations attached when the cause of action accrued; that if they found the articles to have been the property of *Polly*, and that she had demanded them of defendant after she had a right to have them, and they were not delivered, but subsequently detained by defendant, it would be evidence of a conversion and the cause of action would then accrue; that if the cause of action should have thus accrued previous to her marriage, her husband's right to bring this action then commenced. He further instructed the jury, that if they found there had been no conversion by defendant previous to the marriage, the right of action would not have accrued. And he left the jury to inquire from the evidence whether the cause of action had or had not accrued more than six years before the commencement of the action. The plaintiff's counsel requested the Judge to instruct the jury, that if they found that the plaintiff and wife intermarried while she was an infant, that the statute of limitations did not attach until a demand by the husband was made on the defendant; that the statute did not attach as to the wife, until she became of the age of twenty-one years; that if the jury found that *Butler* and wife intermar-

ried before she was twenty-one years old, the statute would not commence running against plaintiffs until a demand by the husband ; that if the wife made a demand before marriage and before twenty-one years old, that the statute had not commenced running against her, and that the act of marriage constituted no conversion of the articles by the defendant. But the Judge did not so instruct the jury, and left the cause to them on the instructions he had previously given them. The jury returned a verdict for the defendant. To all which the plaintiff excepted.

*Chase*, for the plaintiffs.

The only question in this case is, whether the cause of action is barred by the statute of limitations. By the terms of the donation, which the defendant accepted by receiving the property, he was to keep the bed and deliver it to the daughter of the donor, when she became twenty-one, or needed it. The defendant then was to this extent the guardian and trustee of *Polly's* property to be delivered at a time certain. It is not then for him to say, that she needed the bed before she was twenty-one, even if while a minor she asked for it. She had no power to enforce any claim against the defendant, while she was a minor and unmarried, and of course no action accrued to her before the marriage. Since that time, no act she could do, independent of her husband, could give any cause of action. As the husband never made any demand until about the time of bringing the action, the statute cannot bar the action from any act of his. If the infant did make a demand, it was certainly voidable, and while it was so, no cause of action could accrue in consequence of it, and the husband did avoid it, by making the demand in 1835, and bringing this suit. The cause of action therefore did not accrue before the demand by the husband.

But if the cause of action did accrue during the minority, or coverture, it comes within the exception in the statute, and is not barred by it. The statute says, " that this act shall not be construed to bar any infant, *feme covert, &c.*, from bringing either of the actions, &c., within the term before set for bringing said action, *reckoning from the time such impediment shall be removed.*" Although when the statute begins to run it will not stop, here there was no time for it to begin to run, as one impediment suc-

ceeded the other without any interval. There is a striking difference in the exceptions in relation to real and personal estate in our statute. In *New-York* and in *England,* where the statutes with relation to real and personal estate are alike and similar to ours respecting real estate, the Courts have decided, it is true, that successive, or cumulative disabilities are not within the exception. *Demarest* v. *Wynkoop, 3 Johns. Ch. R. 129.* In *Massachusetts,* in relation to real estate, where the exception is the same, a like construction has been adopted, but with regard to personal estate, where the exception is like ours, the Court say, that a different rule should be adopted. In *Eager* v. *Commonwealth,* 4 *Mass. R.* 189, *Parsons C. J.* says, " In the limitation of personal actions, the plaintiff, a female infant, may marry after her right has accrued ; or an infant just before he is of age, and after the cause of action accrued, may go abroad ; and however long he may be absent, he would prevent the effect of the statute until his return."

*Lowell,* for the defendant.

The points raised by the exceptions depend on the general principles of law on the subjects of infancy, husband and wife, and limitations. It is by the application of those principles, that the case is to be determined ; and it is believed, that they were faithfully applied by the Judge in the Court of Common Pleas ; and that his ruling was substantially correct. The instructions to the jury were, that if they found the articles to have been the property of *Polly,* and that she had demanded them of the defendant after she had a right to have them, and they were not delivered, but subsequently detained, it would be evidence of a conversion, and the cause of action would then accrue ; and that if the cause of action should have thus accrued previous to the marriage, her husband's right to commence this action then commenced. And it is submitted to the Court, whether this be not the law of the books. By marriage the personal property and rights of action of the wife vest in the husband. *Shuttlesworth* v. *Noyes,* 8 *Mass. R.* 229 ; *Legg* v. *Legg, ibid.* 99. The exception in the statute, excepting infants and *feme coverts* from its operation, applies to one disability, and not to cumulative disabilities. Its language is, " reckoning from the time such disabil-

ity is removed," clearly indicating, that the same disability was intended, and not a series of disabilities. This construction is sustained by *Eager* v. *Commonwealth*, cited for the plaintiff. She demanded the property after she had a right to have it, and her right of action was perfect; and a suit might have been commenced by her immediately after the demand. On the marriage the husband's right to commence this action existed, the moment she become his wife. This demand having been made fourteen or fifteen years before the action was commenced, the action is barred by the statute of limitations.

The action was continued for advisement, and the opinion of the Court was afterwards drawn up by

WESTON C. J. — The defendant became the depositary of a bed, bedstead and bedding belonging to *Polly*, then a child of six years old, now the wife of *Edward Butler*, upon the condition, that he should deliver them to her, when she became twenty-one, or when she needed them. If he withheld them after he was bound to deliver them, he became liable to an action of assumpsit upon his promise, or of trover for the wrongful detention. It is apparent, from the condition, that it was contemplated she might want them, before she arrived at twenty-one. They were the bequest of her dying father; and constituted probably the only provision, he was able to make for her.

It may well be presumed, that when she was making preparations for her marriage, she wanted these articles, as an humble outfit on that occasion. Under these circumstances, she was entitled to demand them before marriage; and if withheld, an action would accrue against the defendant. She married at the age of nineteen or twenty. The evidence, that she demanded them before, depended on her declarations, which were received without objection. No question is submitted to us, under these exceptions, as to its admissibility, or as to its sufficiency to prove the demand.

The Judge instructed the jury, and we think rightfully, that the cause of action accrued before marriage. She was then under the disability of infancy; and we are called upon to decide, whether the statute of limitations began to run, when the first

impediment, infancy, ceased. If several disabilities exist togeth-- er, at the time the right of action accrues, the statute does not begin to run, until the party has survived them all. 1 *Plowden,* 375. But in *Demarest et ux.* v. *Wynkoop,* 3 *Johns. Ch. R.* 129, *Chancellor Kent* examined the authorities, and went into a con- sideration of the question, the result of which was very clearly in his judgment, that a party cannot avail himself of a succession of disabilities, but only of such as existed, when the right of ac- tion first accrued. And the reason is, that if disability could be added to disability, claims might be protracted to an indefinite period. The same doctrine was laid down in *Eager et ux.* v. *Commonwealth et al.* 4 *Mass.* 182.

Our attention has been called to a peculiarity in the fourth section of our statute of limitations, where the right to bring writs of formedon, in favor of persons under disabilities, is ex- tended ten years, not from the removal of the disability, but from the end of the twenty years, allowed to persons not under disa- bility. The English statute however allows ten years, after the removal of the disability. 21 *Jac.* 1, *c.* 16. And from the case cited from *Johns. Ch. Reports,* it may be understood that such is the *New York* statute. By the statute of *Massachusetts,* com- mented upon in *Eager et ux.* v. *Commonwealth, statute of* 1805, *ch.* 35, five additional years were allowed to persons under disa- bilities, to bring a writ of error, after the removal of the disability.

The authority of the cases cited, and the principle upon which they turned, applies with equal force to the ninth section of our statute, now under consideration, which after specifying the dis- abilities, provides that any persons laboring under either of them, may bring the action within the period set and limited, after the removal of *such* impediment. And by this must be understood the impediment existing, when the cause of action accrued. It results, that more than six years having elapsed after the infancy of her, who is now the wife of *Edward Butler,* had ceased, which was the impediment existing, when the cause of action accrued, it has become barred by the statute of limitations. If the plain- tiffs had any rights, they should have asserted them sooner. There was nothing to prevent the bringing of the action imme- diately after the marriage.

*Exceptions overruled.*