### JOSIAH ALLIS *vs.* HARVEY MOORE.

If an owner of land has been disseised, his subsequent insanity does not prevent the disseisor's title from maturing, by twenty years' adverse possession.

WRIT OF ENTRY. At the trial in the superior court, there was evidence tending to show that the tenant and those under whom he claims have had exclusive and adverse possession of a portion of the premises since 1834, and that the demandant was put under guardianship as an insane person in 1843, and has so continued ever since; and this action is prosecuted in his name by his guardians. There was no evidence that he was insane in 1834, or for several years thereafter. *Vose,* J. ruled that if the demandant became insane at any time after he was disseised, before the expiration of twenty years from the time of such disseisin, and had continued insane ever since, the tenant could not acquire a title by adverse possession during the continuance of his insanity; and a verdict was returned for the demandant, and the tenant alleged exceptions.

*S. T. Spaulding,* for the tenant.

*C. Delano,* for the demandant, submitted the case without argument.

BIGELOW, C. J. Upon the facts proved at the trial, the plaintiff's right of action to recover the demanded premises was barred by the statute prescribing a limitation to real actions and rights of entry. Rev. Sts. *c.* 119, § 1. At the time of the alleged disseisin by the tenant, and for several years thereafter it does not appear that the demandant was under any disability His alleged insanity did not commence till the year 1843, which was nine years subsequently to the time when the tenant entered and ousted the demandant. By Rev. Sts. *c.* 119, § 1, all actions for the recovery of lands and all rights of entry thereupon are barred, unless commenced or made within twenty years after the right to make such entry or bring such action first accrued. The exception to this rule contained in section fifth of the same

chapter does not apply to a case like the present. It was intended only to include cases where a party bringing the action or making the entry was under a disability at the time when his right of action or entry first accrued, and not cases where the alleged disability did not arise or exist until after the right of action or entry had accrued to the party bringing the action or claiming the right of entry. The cases arising under the Revised Statutes, and under other similar enactments *in pari materia,* are decisive on the point raised by the exceptions. *Melvin* v. *Proprietors of Locks and Canals,* 16 Pick. 161. *Dow* v. *Warren,* 6 Mass. 328. *Eager* v. *Commonwealth,* 4 Mass. 182. Angell on Limitations, §§ 476–480. *Exceptions sustained.*