NEWELL A. TRAFTON and others *vs.* LIVING L. HILL.

Cumberland.   Opinion August 7, 1888.

*Insolvent law.   Statute of limitation.   Stat. 1887, c. 118.*

Prior to act of 1887, c. 118, when the period of limitation had commenced to run on a claim provable in insolvency, the subsequent insolvency of the defendant under R. S., c. 70, did not interrupt the running of the limitation, and the right of action on such claim was barred by the general limitation of six years.

When an action is submitted to the court on an agreed statement of facts the court cannot infer a fact not agreed upon by the parties.

ON report on facts agreed.

. This was an action of assumpsit upon five several notes and one check given by the defendant to the plaintiffs, at the several

dates thereof, for the several amounts stated in said notes and check.

The notes were all dated at Saco, in the county of York, payable at the York National Bank in said Saco, and the dates, times and amounts are as follows:

| Date. | Time, after date. | Amount. |
|---|---|---|
| October 14, 1879, | 60 days, | $344.00 |
| November 11, 1879, | 30 days, | 319.00 |
| November 17, 1879, | 30 days, | 150.00 |
| November 25, 1879, | 30 days, | 250.00 |
| December 10, 1879, | 30 days, | 295.00 |

The check was on the same bank, and dated December 10, 1879, for the sum of $135.00.

All the notes and the check were duly presented for payment, and protested for non-payment. No part of the same has been paid.

Other material facts stated in the opinion.

*Holmes and Payson*, for the plaintiffs.

If it should be thought that the examinations furnish no criterion by which to judge of reasonable diligence, certainly the day of the second meeting does, which in this case was January 5, 1881. The second meeting is appointed by the assignee with the approval of the judge. The debtor has nothing to do with it. Though the law says it should be within three months from the issuing of the warrant, this is often delayed beyond that time, especially if adjudication is delayed, and it is merely directory. If held after the three months it does not vitiate the proceedings. *Kimball* v. *Loring*, 11 Law Rep. 34; cited Hamlin's Insolv. Law, 51. He cannot get his discharge until he has taken the final oath. That must be taken at the second meeting. R. S., c. 70, § 43; Bump. on Bankruptcy (10th ed.), p. 270.

It has been said that the insolvent should file his petition at any time after the time designated, and the final settlement of the estate, which of course cannot be made until the second meeting. *In re Brightman*, 5 N. B. R. 213; *In re Ingersoll*, No. 520, Maine, Dist. Ct.; cited Hamlin's Insolv. Law, 52.

When proceedings do bar the commencement or maintenance of suits, they stop the running of the statute, during the time when the action is so prevented. *Collester* v. *Hailey*, 6 Gray, 517 ; *Stoddard* v. *Doane*, 7 Gray, 387 ; *Richardson* v. *Thomas*, 13 Gray, 381.

So it was held that a suit might be commenced against an adjudged bankrupt, though it could not be prosecuted to final judgment pending proceedings under the language of U. S. Rev. Stat. § 5106. But direct and positive authority for this view of the case is plentiful. *Doe* v. *Erwin*, 15 Rep. 305 ; 134 Mass. 90.

"As a general rule when a temporary incapacity to sue grows out of some particular provision of a statute, the time during which such temporary disability continues should be excluded from the computations." This is exactly our case. Angell on Lim. § 63.

"The law imposes the limitation, other law imposes the disability. It is nothing therefore but a necessary legal logic that one period shall be taken from another." *Semmes* v. *Hartford Ins. Co.* 13 Wall, 158-160.

"Statutes of Limitation, in fixing a period within which rights of action must be asserted, proceed upon the principle that the courts of the country where the person to be prosecuted resides, or the property to be reached is situated, are open during the prescribed period to the suitor.

"The principle of public law which closes the courts of a country to a public enemy during war, renders compliance by him with such a statute impossible." *Brown* v. *Hiatts*, 15 Wall. 177–184.

It is therefore plain that there may be other things than statute provisions that will prevent the statute of limitations from running. This has been recognized by Massachusetts decisions. *First Mass. Turnpike* v. *Field*, 3 Mass. 201 ; *Homer* v. *Fish*, 1 Pick. 435 ; *Welles* v. *Fish*, 3 *Id.* 74, and cases in note, and by the U. S. Circuit Court in Maine ; *Carr* v. *Hilton*, 1 Curtis, 230–238, in New Hampshire ; *Sherwood* v. *Sutton*, 5 Mason, 143, and in Massachusetts ; *Trecothick* v. *Austin*, 4 Mason, 16–27.

In another case precisely like this, and where the same defence was made, the court held that no suit could be brought while proceedings in bankruptcy were going on and the statute did not run during that time. *Greenwald* v. *Appell*, 17 Fed. Rep. 140.

The analogous cases of suits by or against assignees where concealment or want of discovery, prevents the two years from running, illustrate the doctrine we contend for. *Bailey* v. *Glover*, 21 Wall. 342; *Traer* v. *Clews*, 115 U. S. 528; *Upton* v. *McLaughlin*, 105, U. S. 640–643; *Gifford* v. *Hlms*, 98 U. S. 248; *Duff* v. *Nat. Bank of Wellsville*, 13 Fed. Rep. 65; *Bartles* v. *Gibson*, 17 *Id.* 293–299; *West Port. Homestead Assn.* v. *Lownsdale, Id.* 205–207.

*Bailey* v. *Glover*, seems to have been the leading case on this particular point and "unless subsequently overruled by this court is conclusive of the point under discussion. It never has been overruled. It has often been cited by this court, but has never been doubted or qualified." *Rosenthal* v. *Walker*, 111 U. S. 185–191.

So the suspension of the power to sue by the late civil war, is not treated as a part of the time limited, though not so provided by statute. *Hanger* v. *Abbott,* 6 Wall. 532; and this principle applies to an appeal, *The Protector,* 9 Wall. 687; *U. S* v. *Wiley,* 11 *Id.* 508.

So in Rhode Island where a suit was brought against a bankrupt the court say:

"The plaintiff contends that the time during which he was by law prohibited from suing his claim is not to be reckoned into the period fixed by the statute of limitations. We think he is right. The rule to be deduced from the cases ancient and modern is that a disability happening by an 'invincible necessity,' constitutes an exception from the statute of limitations, and is to be taken to have the same effect as those disabilities which are expressly excepted from the statute," and then goes on to say that a creditor, after his debt is proved in bankruptcy, may commence and prosecute a suit to any point short of final judgment. It clearly appears that the court considered a prohibition of the

commencement of a suit an "invincible necessity." *Hill* v. *Phillips*, 27 A. L. J. 518 ; S. C. 14 Rhode Island, 93.

It is true that since the commencement of this suit the legislature has seen fit to enact the main proposition of law upon which we depend. Laws of 18 87, c. 118.

But this can only be construed to mean that the legislature has determined that the law ought to be as we claim it.

"Instances are not wanting in which the legislature designing to make the law more explicit, have enacted statutes which are found to be only declaratory of the law as it previously existed." *Wood* v. *Decoster*, 66 Maine, 542–544 ; Dwarris on Statute, pp. 55, 56–58.

*Augustus F. Moulton*, for the defendant, cited : *Little* v. *Blunt*, 9 Pick. 490 ; *Presbrey* v. *Williams*, 15 Mass. 193 ; *Pickard* v. *Valentine*, 13 Maine, 412 ; Byles, Bills, *331, *333, *336 ; 2 Greenl. Ev. § § 435, 439 ; Angel, Lim. § § 194, 196 ; *Phillips* v. *Sinclair*, 20 Maine, 269 ; *Mercer* v. *Selden*, 1 Howard, 52 ; *Eager* v. *Com.* 4 Mass. 188 ; 2 Chitty, Contracts, 1226 ; R. S., c. 1, § 5 ; *Prentice* v. *Dehon* 10 Allen, 355 ; *Schwartz* v. *Drinkwater*, 70 Maine, 409 ; *Barker* v. *Haskell*, 9 Cush. 218 ; *Palmer* v. *Merrill*, 57 Maine, 26 ; *Collester* v. *Hailey*, 6 Gray, 517 ; *Stoddard* v. *Doane*, 7 Gray, 387 ; *Roscoe* v. *Hale*, 7 Gray, 274 ; *Richardson* v. *Thomas*, 13 Gray, 381.

LIBBEY, J On the second day of April, 1880, the defendant was duly declared an insolvent debtor, and his estate was settled in insolvency ; but no dividend was made, and no discharge granted to him.

All the notes and the check in suit had been overdue nearly three months at the date of the defendant's insolvency, and the period of limitation had commenced to run. By the facts agreed it appears that the plaintiffs proved the claims in suit in insolvency, but it does not appear when they were proved. The action was commenced May 12, 1886. The defendant relies on the statute of limitation, and the only question is whether the action is barred. We think it is.

Nearly six years and four months had elapsed between the maturity of the last note and the commencement of the action; but it is claimed by the plaintiffs, that there must be deducted from that period a reasonable time for the defendant, in the exercise of due diligence, to procure a decree of the court of insolvency on the question of his right to a discharge; and that would reduce the time to less than six years.

The statute relied on by the plaintiffs to support their contention is as follows: "No creditor shall commence or maintain any suit against the insolvent debtor upon a claim or demand which he has proved against such debtor in insolvency until after a discharge has been refused such debtor; *provided*, that such debtor proceeds with reasonable diligence to obtain such discharge," R. S., c. 70, § 51. Prior to the act of 1887, c. 118, there was no statute which, in terms, suspended the running of the limitation by reason of insolvency.

It is a general rule that, when the statute of limitation has commenced to run no subsequent disability will interrupt it, unless within some exception created by the statute. *Eager & ux.* v. *Comm.* 4 Mass. 182; *Mercer's Lesser* v. *Selden*, 1 How. 37; 2 Green, on Ev. § 439.

It may well be doubted if, in an action at law, the court has the power to suspend the running of the limitation, after it has commenced, on account of a disability not within an exception named in the statute. *Eager & ux.* v. *Comm.* and *Mercer's Lesser* v. *Selden, supra*; *Phillips* v. *Sinclair*, 20 Maine, 269; *Baker* v. *Bean*, 74 Maine, 17; *Rowell* v. *Patterson*, 76 Maine, 196. But we do not deem it necessary to so decide in this case. If it has such power it must be for some disability created by law which interrupts and suspends the right of the plaintiff to commence his action. *Swan* v. *Littlefield*, 6 Cush. 417; *Collester* v. *Hailey*, 6 Gray, 517; *Stoddard* v. *Doane*, 7 Gray, 387; *Richardson* v. *Thomas*, 13 Gray, 381.

No such disability is created by the statute. The creditor is disabled from commencing or maintaining an action "upon a claim or demand which *he has proved* against such debtor in insolvency." He is not required to prove his claim. If he does

not he may commence or maintain his action subject to the power of the court, in its discretion, to continue it pending proceedings in insolvency. *Schwartz* v. *Drinkwater*, 70 Maine, 409. He has a right to prove it, and if in exercising that right he deprives himself of his other right to commence an action against his debtor, it is the result of his own act. A contract made before the insolvency statute was enacted is not subject to its provisions. Still if a creditor, holding such a contract, proves it against his debtor in insolvency and takes a dividend, he subjects his contract to all the provisions of the act. *Fogler* v. *Clark*, 80 Maine, 237. The same principle applies to the point under consideration.

But the case is here on an agreement of facts by the parties. This court cannot assume nor infer a fact not agreed upon by the parties. By the facts agreed, it does not appear when the plaintiffs proved their claims. Under the statute they had a right to prove them any time before final dividend. No dividend was made. They may not have proved them till long after the lapse of a reasonable time in which the debtor should have proceeded to obtain his discharge, so that there may not have been any time when the plaintiffs could not have commenced their action.

*Judgment for defendant.*

PETERS, C. J. WALTON, VIRGIN, FOSTER and HASKELL, JJ., concurred.