ALEXANDER DAVIDSON *vs.* FREEMAN A. FISHER.

August 5, 1889.

**Statute of Limitations—Action against Bankrupt.—** Section 5106, Rev. St. U. S. 1878, does not prohibit the *commencement* of an action upon a provable claim against a person who has been adjudged bankrupt under the national bankruptcy act.

Action brought in the district court for Hennepin county, in March, 1888, upon a promissory note for $570, made by defendant to plaintiff in Chicago, Ill., bearing date September 16, 1876, and payable 75 days thereafter. Defence the statute of limitations. Defendant removed from Illinois to this state in 1879, and has ever since resided here. The bankruptcy proceedings relied on by plaintiff to avoid the bar of the statute are stated in the opinion. Plaintiff appeals from a judgment in defendant's favor, entered pursuant to direction of *Baxter,* J., (acting for a judge of the fourth district.)

*F. D. Culver* and *A. B. Choate,* for appellant.

*F. H. Boardman* and *W. A. Lancaster,* for respondent.

COLLINS, J. The plaintiff in this action claims that his cause of action was suspended on June 30, 1877, upon which day defendant was duly adjudged bankrupt in proceedings in the state of Illinois under the national bankruptcy act. We are not advised as to what

steps were taken in these proceedings subsequent to the adjudication, and prior to May 31, 1882, on which day, defendant having petitioned therefor, a discharge was refused by the court. The plaintiff's claim is wholly predicated upon section 5106, Rev. St. U. S. 1878, which provides, among other things, that no creditor whose debt is provable shall be allowed to prosecute to final judgment any suit in law or equity until the question of the debtor's discharge shall have been determined, and pending this the bankrupt has the right, if there be no unreasonable delay upon his part in an endeavor to obtain his discharge, to cause all proceedings and suits to be stayed. The question which is thus presented is, was the plaintiff prohibited from commencing an action upon his note from the day of the adjudication in bankruptcy, in June, 1877, to the day the discharge was refused, in May, 1882? If he was, section 21, c. 66, Gen. St. 1878, excepts the period of time between these dates from the operation of the statute of limitations. The language used in this act seems plain and unequivocal. It does not inhibit the commencement of actions, for it anticipates that they will be brought, and authorizes proceedings to stay the same. It also contemplates their prosecution for certain purposes. The statute simply forbids a prosecution to final judgment, except upon leave. It cannot be construed to mean anything more than that, where bankruptcy proceedings are brought to the attention of the court in which a suit is being prosecuted against a bankrupt, that court shall not proceed to final judgment until the question of discharge shall have been determined. *Boynton* v. *Ball*, 121 U. S. 457, (7 Sup. Ct. Rep. 981.) See, also, *Hall* v. *Greenbaum*, 33 Fed. Rep. 22; *Ray* v. *Wight*, 119 Mass. 426; and, on a statute similar, *Trafton* v. *Hill*, 80 Me. 503, (15 Atl. Rep. 64.)

Judgment affirmed.