STEPHEN SASSER v. JAMES H. DAVIS.

The terms of limitation prescribed by the 1st section of the act of February
5th, 1841, (O. & W. Dig., art. 1333,) are subject to the exceptions on ac-
count of infancy, coverture, imprisonment, and insanity specified in the
11th section of the same act.   (O. & W. Dig., art. 1352.)

If a petition be defective by failing to show that the action is brought within
the time allowed by the statute of limitation, such defect cannot be reached
by a general exception.

The 5th section of the act of February, 1852, (O. & W. Dig., art. 1361,)
which requires the defence of limitation to be specially set forth by
answer, is by no means to be construed to authorize the court, on the
ground that the action is barred by limitation, to sustain a general excep-
tion to the petition because such exception is presented as an answer of
fact for the jury.

The plaintiff sued in trespass *vi et armis* for injuries to his person; the de-
fendant, besides a general exception, answered that " if any blows were
inflicted on the plaintiff they were inflicted eighteen months before the
commencement of this suit, and are barred by the statute of limitations,
which is hereby expressly pleaded." *Held*, that on these pleadings, the
court erred in rendering judgment, as upon general exception, in favor of
the defendant.

Sasser v. Davis.

Appeal from Davis.    Tried below before the Hon. W. S. Todd.

On the 16th of March, 1860, the appellant, Sasser, brought this action of trespass for an assault and battery against the appellee, Davis, laying his damages at ten thousand dollars.

The petition alleged the assault to have been made and the injuries inflicted on the — day of September, 1858.    It charged that the assault was committed with a stick, by means whereof the skull of the petitioner was fractured, and his brain permanently affected thereby, in consequence of which petitioner "suffers from, and has every month since that time, and now has at an interval of each month's time, attacks of mental derangement, whereby petitioner has been deprived of the free use of his mental powers, so that he is at times unable to distinguish one object from another."

On the 27th of November, 1860, the defendant filed his answer, wherein he "excepts to the plaintiff's petition as being insufficient in law to require him to answer, wherefore he prays judgment, &c.    And for plea the said defendant answers and says that if any blows were inflicted on plaintiff, they were inflicted eighteen months before the commencement of this suit, and are barred by the statute of limitations, which is hereby expressly plead."

On December 3d, 1860, the plaintiff amended, alleging that by the injuries and wounds inflicted by the defendant, "plaintiff's mind was so injured, unsettled and unhinged that plaintiff was, from the day of the infliction thereof until the institution of this suit, of unsound mind, and by reason thereof insane, which insanity prevented plaintiff from the institution of this suit at any time before the same was instituted."

On the same day the cause came to a hearing before the court on the exception, and the court adjudged that "the law is for the defendant, and the demurrer to plaintiff's petition be sustained," with a judgment that defendant go hence and recover his costs, &c.

The plaintiff appealed, and assigns for error the sustaining of the defendant's exceptions to the petition.

42*

Sasser v. Davis.

*Sam'l F. Moseley,* for the appellant.

MOORE, J.—The general exception of the defendant in the court below to the plaintiff's petition should have been overruled. The ground upon which the court acted in sustaining it is not disclosed by the record; but if, as is said in the brief of appellant's counsel, it was for the reason that the petition showed that the plaintiff's cause of action was barred by the statute of limitations, it was clearly improper. The amendment of the plaintiff relieved his petition from any just ground of exception upon this ground, if any such had been taken by the defendant's answer. Although the 1st section of the statute of limitations declares that all actions for injuries to the person of another shall be brought "within one year next after the cause of such action or suit, and not after," this general provision is unquestionably controlled by the 11th section of the same law, which enacts that "no limitations, except in the cases provided for in the 8th section of this act, shall run against infants, married women, persons imprisoned, or persons of unsound mind, during the existence of their respective disabilities." The allegations of the amended petition brought the plaintiff within this exception to the general rule in the statute.

If, however, the petition were in this respect defective, it could not be reached by a general exception, which is all that is shown by the record in this case. The contrary view of the law was taken in some of the earlier decisions of this court, but it was subsequently overruled by a statute passed for this purpose, by which it was enacted that limitation should not be made available in any suit, unless it is specially set forth as a defence in the answer. But this by no means is to be construed as authorizing the court to sustain a general exception to the petition on the ground that it is barred by limitations, because, as in this case, it is presented as an answer of fact for the jury.

The judgment is reversed and the cause remanded.

Reversed and remanded.