Hon. HOYT H. WHEELER,      ⎫
Hon. TIMOTHY P. REDFIELD, ⎬ Assistant Judges.
Hon. JONATHAN ROSS,         ⎭

---

## BEEMAN v. COOK AND ANOTHER.

### *Promissory Note.   Statute of Limitations.*

On December 24, 1874, the plaintiff brought suit on a promissory note dated December 24, 1867, payable generally to the plaintiff or bearer in one year from date, and not entitled to grace. It did not appear that there were a demand and refusal of payment on the day the note fell due. *Held*, that no presumption of demand and refusal arose from lapse of time, but rather the contrary, and that the Statute of Limitations had not run upon the note.

Assumpsit upon a promissory note dated December 24, 1867, payable to the plaintiff or bearer, in one year from date, and signed by the defendants. Plea, the Statute of Limitations.

26

Trial by the court, September Term, 1875, ROYCE, J., presiding. This suit was commenced on December 24, 1874. Judgment for the plaintiff, and exceptions by the defendants.

*W. F. McGettrick,* for defendants.

The only question in this case is, when did the Statute of Limitations begin to run? Did it begin to run the day the note fell due, December 24, 1868, or not till the day following, December 25, 1868? If, as we claim, the statute began to run December 24, 1868, then it is a bar to the action, which was not commenced till December 24, 1874, the full term of six years having expired. The statute begins to run when the cause of action accrues; and the cause accrues with reference to a promissory note, when the note falls due. 2 Parsons Notes and Bills, 639, 640; Story Prom. Notes, 277, and notes; *Staples* v. *Franklin Bank,* 1 Met. 43; *Church* v. *Clark,* 21 Pick. 310; *Whitewell* v. *Brigham,* 19 Pick. 117; *Crofoot* v. *Moore,* 4 Vt. 204; *Grafton Bank* v. *Doe,* 19 Vt. 463; *Harrington* v. *Rathbone,* 11 Vt. 58; Angell Lim. 90.

The period of limitation begins to run on a promissory note payable on demand, the date of the note. On this the authorities are unanimous, and the decisions uniform. *A fortiori,* on note payable one year from date, as in this case, the statute begins to run the day it falls due. 2 Parsons Notes & Bills, 630, 643; Angell Lim. 93; *Kingsbury* v. *Butler,* 4 Vt. 458. Negotiable bills and notes are uniformly treated as an exception to the general rule that a debtor has till the last hour of the day on which his debt falls due to pay it. Story Prom. Notes, 281. But, if it should be held that a demand is necessary to make that exception in the case of a promissory note, then there is a presumption arising from the lapse of time that a demand was made. *Kingsbury* v. *Butler, supra.*

*E. A. Sowles,* for plaintiff.

The note in suit was dated Dec. 24, 1867, payable in one year from date. It therefore fell due Dec. 24, 1868. It being made payable generally, no action could have been commenced thereon until after midnight of the day on which it fell due. There are

no parts of days in law. The plaintiff, therefore, could bring his action at any time within six years " next after the cause of action shall accrue." The action having been commenced on the 24th of December, 1874, the six years would not expire until midnight of that day. In computing time under the statute, the first day is to be *excluded*, and the last day *included*. *Smith* v. *Cassity*, 9 B. Monroe, 496 ; Byles Bills, 516, note 3 ; Story Prom. Notes, s. 201 ; Chit. Bills, 403, 404, 405 ; *Blanchard* v. *Hilliard*, 11 Mass. 85 ; *Henry* v. *Jones*, 8 Mass. 453.

The case of *Presbrey* v. *Williams*, 15 Mass. 193, is not in conflict with the above. That was a case of a new promise, and the court held that the day the promise was made would be included. That case approves of the decisions in Massachusetts on the question raised in this case, namely, that the action would be in season if brought on the 24th of December, 1874.

The opinion of the court was delivered by

PIERPOINT, Ch. J. The note upon which this action is based, is dated the 24th day of December, 1867, and payable one year from date. This action was commenced on the 24th day of December, 1874 ; and the only question is, whether the action is barred by the Statute of Limitations ; and that depends upon the question whether the plaintiff's cause of action accrued upon the day the note fell due, or only at its close. The note is not made payable at a bank, or at any particular place ; it is not indorsed, nor was it negotiated, and by our law the maker was not entitled to grace. These facts divest this case of those questions growing out of the necessity of making demand, protest, notice, &c., for the purpose of charging indorsees, &c., in the determination of which, the course of business in the mercantile and banking community forms an important element, which questions have led to much discussion that has resulted in many and conflicting decisions. The authorities all agree, that in computing the time that a note payable at a future day has to run, the day of the date is excluded. The rule is also well settled, that when by the terms of a contract, it is to be performed by a party upon a particular day, such party has the entire day in which to perform it. But it

is said that an exception to this rule prevails in respect to nego-
tiable paper ; and in many cases outside of this state, it has been
held that upon a demand being made during the ordinary and reg-
ular business hours, and a refusal or neglect to pay, the right of
action then accrues, and a suit brought thereafter upon the same
day, may be maintained.    But we know of no case where it has
been held that such action could be maintained without such de-
mand and refusal ; on the other hand, such demand and refusal
seem to be regarded as indispensable.

In this case there is nothing to show that there was such a de-
mand and refusal, even if in a case like the present that would
have been sufficient.    On that we express no opinion.

It is claimed that in this case the court should presume a de-
mand and refusal from the lapse of time.    This we cannot do.
No demand was necessary to perfect the party's right of action at
the close of the day of payment ; and to presume that the party
made a demand with a view of perfecting his right a few hours
earlier, from the fact that he neglected to enforce his right when
it was perfected, for almost six years, would be going quite too far
in aid of this defence.    The fair inference would be the other
way.    Upon the view we take of this case, the plaintiff's right of
action accrued at the close of the 24th day of December, 1868,
and that right would be barred by the Statute of Limitations at
the close of the 24th day of December, 1874.    As this action was
commenced before the close of that day, it is not barred by the
statute, and the plaintiff is entitled to recover.

Judgment affirmed.