THE PENNSYLVANIA COMPANY

V.

CHICAGO, MILWAUKEE & ST. PAUL RAILROAD COMPANY.

*Carriers—Action for Loss of Goods by—Negligence—When Statute of Limitations Begins to Run—Evidence.*

Pennsylvania Co. v. C., M. & St. P. R. R. Co.

1.  In cases of torts arising out of contracts, the statute of limitations begins to run at the date of the tort or breach of duty, and not when the damage ensues.

2.  In an action by one common carrier against another to recover damages for the negligent loss of goods intrusted by the one to the other, a judgment having been recovered by the consignee against the plaintiff, this court holds that such judgment was not admissible in evidence and that the gist of the action was for the breach of duty and loss of the goods.

[Opinion filed March 4, 1892.]

APPEAL from the Circuit Court of Cook County; the Hon. SAMUEL P. McCONNELL, Judge, presiding.

Messrs. GEORGE WILLARD and E. O. BROWN, for appellant.

Mr. EDWIN WALKER, for appellee.

MORAN, J.  The appellant having as a common carrier, undertaken to transport two lots of oil from Cleveland, Ohio, to Brandon, Canada, transported the oil on its own line to Chicago, where it delivered the oil to the appellee company consigned to said Brandon.  The appellee company delivered the oil to the St. Paul, Minneapolis & Manitoba Railroad Company at Minneapolis, which latter company carried the oil to the next connecting line, and that line to Winnipeg, where the same was lost without having been delivered to the consignees.  After the loss of the oil, the consignee sued the appellant company and recovered the value of the oil.  Thereupon, after having paid to the consignee the value of the oil, the appellant company commenced this action against the appellee and the Canadian Pacific Railroad Company, counting upon the breach of duty in failing to take proper care of the goods and to properly bill and direct the same and to transport the same to Brandon within reasonable time and to safely deliver to the consignee.  To this declaration appellee filed a plea of the statute of limitations of five years, averring that the several supposed causes of action in the amended

declaration mentioned did not, nor did any or either of them, accrue to the plaintiff at any time within five years next before the commencement of this suit. Issue was joined on this plea.

The evidence tended to show that the first consignment was delivered to appellee at Chicago, about the 17th of May, 1882, and the second consignment about the 5th of August of that year; and that the appellee company delivered the said lots, the first to the St. Paul, Minneapolis & Manitoba Railroad at Minneapolis, the terminus of appellee's line, on or about the 24th day of May, 1882, and the second consignment on or about the 8th day of August of the same year. The evidence further tended to show that the act of negligence or breach of duty of which appellee was guilty was in changing the names of the consignees of each shipment when it delivered said shipment to the connecting carrier next beyond its line; that instead of writing the consignee as G. G. Fortier on the first consignment, by negligence the name was changed to G. G. Foster; and on the second shipment the oil was delivered as consigned to Fortier & Burpee instead of Fortier & Burke. The Canadian Pacific Railroad, in whose care the consignments were addressed, and who is the last carrier in the line from Chicago to Brandon, failed to find the consignees, by reason, it is contended, of the change which appellee's servants made in the names of the consignees, and said last carrier failed to make a delivery to the consignees and the oil was lost. The acts of negligence of appellee's servants in changing the names of the consignees, occurred respectively in May and August, 1882. The praecipe in this action was filed in the Circuit Court on the 3rd of September, 1887, more than five years after the negligent breach of duty alleged. On trial, appellant sought to introduce the record of the judgment obtained against it for the loss of the goods. This evidence was ruled out, and we think correctly, for if appellee could be made liable at all, the measure of damages would be the value of the property destroyed or lost. The judgment offered in evidence was

not competent for the purpose of proving such value. The gist of the action was for the breach of duty and loss of the goods. Appellee was under no obligation to indemnify appellant for any money which it was compelled to pay to the consignee, by an action at law. When appellant rested its case, the court instructed the jury to return a verdict in favor of appellee on the plea of the statute of limitations. This is assigned for error. The evidence introduced showed that the breach of duty, if any, on the part of appellee, occurred more than five years before commencement of this action. There was no conflicting evidence on that question. In the case of torts arising upon contract, such as this, the statute begins to run at the date of the tort or breach of duty and not when the damage ensues. Therefore the action accrued against appellee at the time of the negligent change in the names of the consignees. Angell on Limitations, Sec. 136; 2 Greenleaf's Evidence, 433; 1 Redfield on Railroads, 595; 13 Eng. & Am. Enc., 722.

Such being the law and such the evidence, it was the right and duty of the court to direct the verdict. There is no error in the record, and the judgment must be affirmed.

*Judgment affirmed.*