## Calumet Electric Street Railway Company v. Abram E. Mabie, Conservator of Nicholas J. Wheeler.

1. INSANITY—*What is not, Within the Statute.*—The fact of a person being cross, cranky, freakish and peculiar, on occasions, either in private or public, is not being insane within the meaning of the statute.

2. LIMITATIONS—*Insanity of the Plaintiff.*—The insanity contem-

plated by the statute of limitations, is that which exists when the injured person becomes entitled to bring his action, and if the statute has once commenced to run, no subsequent disability will interrupt it.

3. SAME—*Actions for Personal Injuries.*—In actions for injuries resulting from the negligence or unskillfulness of another, the statute attaches and begins to run from the time when the injury was first inflicted, and not from the time when the full extent of the damages sustained has been ascertained.

4. SAME—*When the Statute Commences to Run.*—Where a man is free from legal disability for six months after the injury occurred, and then becomes insane, the statute must be held to have commenced running at the time of the injury.

**Trespass on the Case,** for personal injuries. Appeal from the Circuit Court of Cook County; the Hon. FRANCIS ADAMS, Judge, presiding. Heard in this court at the March term, 1896. Reversed with a finding of facts. Opinion filed June 29, 1896.

JUDSON F. GOING, attorney for appellant.

JOHN F. WATERS, attorney for appellee.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This was an action in case, originally begun by Nicholas J. Wheeler against the appellant, to recover damages for alleged personal injuries received by Wheeler while a passenger upon one of appellant's electric cars, through the alleged fault and negligence of appellant's servants in charge of the car.

The suit was begun on September 29, 1893.

The original declaration was filed on November 9, 1893, and alleged a colliding of the car in which Wheeler was riding as a passenger, with another of appellant's cars, on March 4, 1891, whereby Wheeler was hurt, etc., and by reason of said hurts became, on November 11, 1891, paralyzed, etc.

To that declaration a plea of the statute of limitations was interposed.

Wheeler was subsequently and on March 20, 1895, found by a jury of the Probate Court of Cook County, to be a

distracted person, and incapable of managing and controlling his estate, and that he had been so "for a period of about three and one-half years prior to" that date, and letters of conservatorship were issued to the appellee.

Thereupon, and on October 10, 1895, the appellee filed an amended declaration in his name as conservator of Wheeler's estate, alleging, in addition to the allegations of the original declaration, that on account of the injuries received by Wheeler he had become distracted and insane.

A plea of the statute of limitations was filed to the amended declaration, and to such plea appellee replied that Wheeler was "at the time of the injuries hereinbefore complained of rendered insane, and so remained from that time hitherto."

Appellant rejoined, denying that Wheeler was rendered insane at the time of the supposed injuries, but on the contrary thereof for a long time thereafter, to wit, eight months thereafter, he, Wheeler, was of sound mind and memory; without this, that Wheeler ever became insane and lunatic.

Issue was joined upon the rejoinder, and upon a trial before a jury appellee obtained a verdict for $30,000, upon which judgment was entered, and this appeal has followed.

With the view we entertain of the case, we will not particularly discuss the question of the extent of the injury received by the appellee. It is enough to say that upon a careful examination of the entire record, we do not discover such error as would justify a reversal of the judgment for any reason other than that presented by the plea of the statute of limitations.

That statute (Sec. 14, Chap. 83, entitled Limitations,) provides that actions of this character "shall be commenced within two years next after the cause of action accrued," except (Sec. 21, same chapter), if the person entitled to bring such action "is, at the time the cause of action accrued, * * * insane," the action may be brought within two years after the disability is removed.

Assuming that the replication was sufficient, if proved,

to avoid the bar of the statute, the evidence failed to sustain it.

Wheeler was chief engineer in charge of the dynamo and engine at the power house of the appellant, and the evidence is undisputed that after an absence of three days from his duties, because of the injury, he resumed his work and performed his duties as usual until he was stricken with paralysis on November 11, 1891, more than six months after the accident; and nobody who testified, except members of his own family, observed anything unusual in his manner or conversation before that time.

Such evidences of impairment to his mind prior to that date as were testified to by members of his family, can in no just sense be held to establish his insanity before then. Being cross, cranky, freakish and peculiar, on occasions, either in private or public, is not being insane within the meaning of the statute.

The circumstance that the jury who, in the proceedings had in the Probate Court, dated his period of distraction back no further than to the time when he became paralyzed, and that in the original declaration filed in the suit, begun by himself, no claim for damages because of resulting insanity was alleged, coupled with the fact that he performed his customary duties, which were necessarily of a kind that required a substantially sound intellect, for over half a year after the accident, and that those with whom he came in business contact during that period failed to observe anything unusual in what he said or did, abundantly rebuts all inferences to be drawn from all the other evidence in the case that even tends to show his insanity prior to the commencement of the suit.

The insanity contemplated by the statute is that which exists when the injured person becomes entitled to bring his action, and if the statute has once commenced to run, no subsequent disability will interrupt it. 2 Wood on Limitations (2d Ed.), Sec. 239; McDonald v. Hovey, 110 U. S. 619.

In actions for injuries resulting from the negligence or unskillfulness of another, the statute attaches and begins to

run from the time when the injury was first inflicted, and not from the time when the full extent of the damages sustained has been ascertained. 1 Wood on Limitations (2d Ed.), Sec. 179; Pa. Co. v. C. M. & St. P. R. R. Co., 44 Ill. App. 132.

We do not decide that the insanity must have existed prior to the injury, so as to give literal effect to the present tense of the words of the statute, is, at the time the cause of action accrued, * * * insane," nor that the insanity must have resulted instantly from the injury. A reasonable construction should be given to every like statute, and we will not here say, because it is not necessary to decide that question, just how long a time may elapse between the accruing of the right of action and the disability, before the statute will begin to run so as not to be interrupted by a subsequent disability.

It is enough to here hold, as was done in McDonald v. Hovey, *supra*, wherein Mr. Justice Bradley said: "As the appellant was free from any disability for several months after the entry of the decree appealed from, the statute commenced to run at that time."

So here, as Wheeler was free from legal disability for six months after the injury occurred, the statute must be held to have commenced to run at that time.

"If a man dies, even a day after his cause of action accrues, and leaves infant heirs, their disability does not avail them, though it continue until the bar of the statute falls." 13 Am. & Eng. Ency. of Law, 734.

And it may here be said with reference to the sufficiency of the replication, that it is quite doubtful whether the fact there alleged, that Wheeler was "at the time of the injuries hereinbefore complained of rendered insane," was equivalent to pleading the exception of the statute, that he was (is) "at the time the cause of action accrued * *· * insane."

The word "rendered" may mean of the present time or of the future, according as other words indicative of the present or future accompanying it would determine, and if, as here, no such words do accompany it, the rule that an

ambiguous pleading shall be construed most strongly against the pleader, would seem to be applicable.

But it may be that if insufficient, it has been cured by the verdict, although whether so or not, we have treated the replication, in all that we have said upon the facts, as if it fairly raised the question discussed.

The case of Gasser v. Davis, 27 Tex. 656, is cited by appellee as holding that the statute of limitations does not apply to a case where the person injured was rendered insane by the injury.

That case decides that a declaration alleging that by the injuries inflicted by the defendant, the " plaintiff's mind was so injured, unsettled and unhinged, that plaintiff was, from the day of the infliction thereof until the institution of this suit, of unsound mind, and by reason thereof insane, which insanity prevented plaintiff from the institution of this suit at any time before the same was instituted," brought the plaintiff within the exception to the general rule in the Texas statute, that requires all actions for injuries to the person of another to be brought " within one year next after the cause of such action or suit, and not after," except that such limitation shall not run against persons of unsound mind, etc., " during the existence of their respective disabilities."

That decision may, therefore, be said to decide what we have already said was not in issue in this case, and hence not to be decided by us. The law recognizes no fraction of a day, and an allegation that the plaintiff was insane "from the day of the infliction" of the injury, might quite properly be held to be equivalent to an allegation that he was at the time of the injury insane, and therefore was not required to bring his action " within one year next after the cause of action or suit."

The jury was properly instructed as to the law applicable to the question we have discussed, and should have found the appellant not guilty. The evidence was overwhelming that Wheeler did not become insane until at least six months after the injury received by him, and his suit not having

been begun within two years next after his cause of action accrued, it was barred by the statute.

The judgment of the Circuit Court will therefore be reversed upon a finding of facts to be entered here in accordance with this opinion. Reversed, and a finding of facts here.