JOHN R. McCUTCHEN, by Guardian,

*vs.*

SAMUEL CURRIER.

Kennebec.    Opinion November 8, 1900.

*Action. Trespass. Limitations. R. S., c. 81, §§ 84, 88.*

When the statute of limitations has once begun to run, it is not interrupted by a subsequent disability.

Actions of assault and battery must be commenced within two years after the cause of action accrues.

The plaintiff's ward was assaulted September 12, 1894, and soon after became insane. The plaintiff having been appointed guardian June 27, 1899, begun his action subsequently to recover damages. *Held;* that the action is barred by the statute of limitations.

As the injured party was not insane when the cause of action accrued, the plaintiff's action is not taken out of the general rule of limitations by R. S., c. 81, § 88, which provides that "if a person entitled to bring any of the aforesaid actions is . . . insane . . . when the cause of action accrues, the action may be brought within the time limited herein, after the disability is removed."

AGREED STATEMENT.

The case is stated in the opinion.

*E. W. Whitehouse,* for plaintiff.

*Fred Emery Beane,* for defendant.

SITTING: WISWELL, C. J., WHITEHOUSE, STROUT, SAVAGE, POWERS, JJ.

SAVAGE, J. Action of trespass to recover damages for an assault and battery, alleged to have been committed September 12, 1894. Plea, the general issue and the statute of limitations. The case shows that the plaintiff became insane about one month after the alleged assault and has so continued ever since. He was adjudged insane June 27, 1899, and on the same day a guardian was appointed. Subsequently the guardian brought this action. The defendant has all the time been a resident of Kennebec county, and the plaintiff has been under no disability to sue, except insanity. The sole question presented is, whether under this state of facts, the action is barred by the statute of limitations. We think it is.

Revised Statutes, chap. 81, § 84, provides that actions of assault and battery shall be commenced within two years after the cause of action accrues. This cause of action accrued September 12, 1894. More than two years had elapsed when this action was commenced. It was therefore barred by the statute.

But, the plaintiff claims that this action is taken out of the provisions of section 84, which we have cited, by section 88, which reads as follows: "If a person entitled to bring any of the aforesaid actions is a minor or a married woman, insane, imprisoned, or without the limits of the United States, when the cause of action accrues, the action may be brought within the times limited herein, after the disability is removed."

We think, however, that the plaintiff does not bring himself within the provisions of this latter section, for he was not insane when the cause of action accrued. Relief is afforded by section 88 only when the disability existed when the cause of action accrued. Such is the express language of the statute, and we cannot enlarge or qualify it. To the same effect, also, are the authorities. *Butler* v. *Howe,* 13 Maine, 397; *Phillips* v. *Sinclair,* 20 Maine, 269; *Eager* v. *Commonwealth,* 4 Mass. 182; *De Arnaud* v. *United States,* 151 U. S. 483; Wood on Limitations of Actions, § 239.

When the statute of limitations has once begun to run, it is not interrupted by a subsequent disability. *Allis* v. *Moore*, 2 Allen, 306; *Oliver* v. *Pullam*, 24 Fed. Rep. 127; *Clark* v. *Traill*, 58 Ky. 35; *Cotterell* v. *Dutton*, (by Lord Mansfield) 4 Taunton, 825; Angell on Limitations, § 196. See, also, cases cited in note to *Doyle* v. *Wade*, 11 Am. St. Rep. 334.

*Judgment for defendant.*