LUCY ROELEFSEN, Appellant, v. THE CITY OF PELLA.

Personal Injury:   DEFECTIVE SIDEWALK:   LIMITATION OF ACTIONS:
   TOLLING OF STATUTE.   The statute of limitations commences to
   run against a cause of action in favor of one injured by a de-
   fective sidewalk, at the time of the injury, and is not suspended
   by subsequent mental disability resulting therefrom so as to
   obviate the necessity of complying with the provisions of
   Code, section 3447, limiting such right of action, and to permit
   the institution of an action under section 3453.

*Appeal from Marion District Court.*—HON. A. W. WILKIN-
son, Judge.

FRIDAY, OCTOBER 9, 1903.

ACTION at law to recover damages for personal injuries
received by plaintiff while passing over a sidewalk in
defendant city.   The trial court sustained a demurrer to
plaintiff's petition, and she appeals.—*Affirmed.*

*Liston McMillen* for appellant.

*Crozier & McCormick* for appellee.

DEEMER, J.—Plaintiff received her injuries February
8, 1901, but she did not commence her action until May 9,
1902.   In the month of October, 1901, she served the city
with notice of her injury, but, as this was more than sixty
days after the happening of the accident, her claim is
barred under paragraph 1 of section 3447 of the Code,
which provides that actions such as this must be brought
within three months after the cause thereof accrues, un-
less plaintiff has, within sixty days from the happening of
the injury, given the city a written notice thereof, etc.
To avoid the bar of the statute, plaintiff pleaded: "That
before midnight of the said 8th day of February, 1901, the

pain from said injury became so exceedingly severe that she at that time, before the said midnight, became insane, her said insanity taking on the form of distractedness, delirium, flightiness, and unconscious of mind; and the said pain increasing in severity for weeks and months caused her said insanity to continue for several months. That in October, 1901, and within fifty days from the termination of her insanity, pain, medical expense, and expense for nursing, the plaintiff served upon the city of ·Pella, and the mayor thereof, a written notice specifying the time and place and circumstances of the injuries hereinbefore stated." She claims that by reason of the facts thus pleaded the statute did not begin to run until the alleged disability was removed, and that she had one year, thereafter in which to bring her suit. Section 3453 provides, in substance, that the times limited for actions as provided in chapter 2, title 18, of the Code, shall be extended in favor of minors and insane persons, so that they shall have one year from and after the termination of such disability within which to commence said action. It is doubtful if this provision applies to that part of section 3447 to which we have referred, relating to the giving of notice. *Morgan v. City of Des Moines*, 60 Fed. Rep. 208 (8 C. C. A. 569). But, if it does, it by no means follows that plaintiff's cause of action is not barred. It is fundamental that, if the statute of limitations once ·begins to run, nothing—not even death—will save the cause of action, in the absence of express statute to that effect. The statute on which plaintiff relies has reference to a disability existing when the cause of action accrues, and not to a case where the statute began to run before the disability commenced. The language used by the legislature leaves no doubt on this proposition. The actions referred to are those which accrued during the minority or insanity of the plaintiff. No such exception existed at common law, and, if there be any relief for plaintiff, it

must be found in some statute. *Shorick v. Bruce*, 21 Iowa, 305. When the statute has commenced to run against a cause of action it will not be suspended on account of the death of the party in whose favor the cause of action has existed, or of the minority of the persons to whom his rights have passed. *Bishop v. Knowles*, 53 Iowa, 268. Indeed, it is fundamental that when the statute. once commences to run it will not be tolled by the subsequent disability of him in whose favor the cause of action existed. *B'ack v. Ross*, 110 Iowa, 112; *Mereness v. Bank*, 112 Iowa, 11. From the allegation of plaintiff's petition it appears that she was of sound mind when she received her injuries, that she become insane as a result thereof, and that there was an appreciable length of time between the happening of the accident and the insane condition. At the time the cause of action accrued—which was when she received her injury—she was of sound mind, and the statute then began to run. Her subsequent insanity did not toll the statute, nor relieve her from the bar thereof. Had there been no appreciable length of time between the happening of the accident and the insane condition of mind, there might, possibly, be some question of her right to recover; but we need not speculate on this proposition, for it clearly appears in this case that several hours intervened. Counsel say that the law does not recognize fractions of a day; hence the two events were practically coetaneous. That for certain purposes the law does not recognize fractions of a day is true, but this principle is not universal. The exact time is often an important element in litigation, and, when it becomes necessary to ascertain the relation of events, the law does consider fractions of a day. Indeed, the time element may be so material that seconds, even, will be considered.

The trial court correctly ruled in sustaining the demurrer, based on the ground that plaintiff's action was barred, and its judgment is AFFIRMED.