JOHN NEBOLA v. MINNESOTA IRON COMPANY.[1]

July 19, 1907.

Nos. 15,252—(195).

**Limitation of Actions.**

In determining whether a cause of action is barred by the statute of limitations, the day on which it accrued is excluded.

**Same—Disability.**

Where a personal injury caused by the actionable negligence of another and resulting insanity occur on the same day, the two events are legally simultaneous, for the law will not take notice of fractions of a day; and the disability of insanity existed at the time the cause of action accrued, within the meaning of the statute of limitations.

Action in the district court for St. Louis county to recover the sum of $24,800 for personal injuries. From an order overruling a demurrer to the complaint, Dibell, J., defendant appealed. Affirmed.

*Howard T. Abbott,* for appellant.

*John Jenswold, Jr.,* for respondent.

BROWN, J.

The only question involved in this case is whether plaintiff's cause of action is barred by the statute of limitations. The facts, as disclosed by the complaint, are as follows: Plaintiff, while in the employ of defendant, met with an accident on January 12, 1899, sustaining severe injuries to his person, particularly to his head, whereby

---

[1] Reported in 112 N. W. 880.

and from which immediate insanity resulted, and continued until September 25, 1906, when his mental capacity was fully restored. The action was commenced on January 25, 1907. Defendant demurred to the complaint on the ground that it appeared on the face thereof that the cause of action was barred by the statute of limitations, in that it was not brought within six years from the date when the cause of action accrued. The court below overruled the demurrer, and defendant appealed.

Section 5147, G. S. 1894, which was in force when plaintiff's cause of action accrued, provides that, if a person entitled to bring an action (mentioned in other sections of the chapter of which this forms a part) is at the time the cause of action accrues either (1) within the age of twenty-one years, or (2) insane, or (3) imprisoned, etc., "the time of such disability is not a part of the time limited for the commencement of the action, except that the period within which the action must be brought cannot be extended more than five years by any such disability, except infancy, nor can it be so extended in any case longer than one year after the disability ceases." The disability referred to in this statute operates to suspend the period of limitations only when it existed at the time the cause of action accrued; for it is settled by all the authorities that when once the statute has commenced to run no sort of disability, unless expressly so provided, will arrest its progress. Counsel for defendant invokes this rule, and contends that, as plaintiff's cause of action arose from defendant's alleged negligence, the injury resulting therefrom, insanity, followed the negligence, and there must, of necessity, have been an appreciable time between it and the injury; hence, that the statute of limitations commenced to run immediately upon the happening of the accident, and was not suspended by the insanity of plaintiff arising therefrom. If this position is well taken, it follows that the plaintiff's cause of action accrued prior to his insanity, and the action is barred. We are unable to concur with defendant for two reasons:

1. The theory upon which statutes of limitations are enacted is that disputes and controversies between persons ought to be ended and rights adjusted, when relief is sought through the medium of the courts, within a reasonable time after they arise, and the periods

prescribed for the commencement of actions are deemed to afford ample opportunity to all litigants to apply to the proper tribunals for redress. In the enactment of the statutes recognition is taken of the fact that in many instances persons entitled to bring an action may be laboring under some disability, such as infancy, insanity, and other causes; and, to the end that they may have the same opportunity to right their wrongs as those not under disability, exception is made in their behalf to the effect that, where the disability exists when the cause of action accrues, the statute shall not run during the continuance of the same, within the further limits of the restrictions contained in the exception. The exceptions thus ingrafted upon the operation of the statute are remedial, and should be liberally construed.

It may be stated as a sound general proposition that a cause of action accrues the moment the right to commence an action comes into existence; and, conversely, the right to commence an action arises the moment the cause of action accrues. But the statute does not require necessarily that the disability which suspends its operation shall arise or exist at the same moment of time. If such were to be its construction, then persons unfortunately in plaintiff's situation would be deprived of the benefits intended to be conferred upon them; for, as remarked by the learned trial judge, so long as cause precedes effect, it will be technically true that an injury which causes insanity necessarily precedes it, and an appreciable or measurable time will lapse between the two events, though alleged to have been simultaneous. Such a conclusion involves a species of metaphysical reasoning which does not blend well with a practical administration of the law. It ignores an elementary principle that the law takes no notice of fractions of a day, and forces the further conclusion that, where a person vested with a right of action was sane and capable of asserting his rights at the precise moment his cause of action accrued and for the space of ten minutes thereafter, the statute commenced to run against him, notwithstanding his loss of mind and reason at the expiration of that short time, and continued uninterrupted by the then occurring insanity. The law often takes notice of fractions of days in determining the order of events, as under the recording statutes, and in other instances where priority of rights

is involved; but a practical construction of the statute under consideration neither requires nor justifies the measurement of moments or the interval of time elapsing between an injury and an insane condition of mind which results therefrom.

2. Aside from the view just taken, the question would seem to be settled adversely to defendant's contention by our statutes on the subject of the computation of time, as well as by the common-law rule on the same subject. Subdivision 21, § 5514, R. L. 1905, provides that, in computing the time within which an act is required or permitted to be done, the first day shall be excluded and the last day included. This is but declaratory of the common law; for by the uniform trend of modern authorities, whatever may have been the rule in earlier times, the day on which an act or event occurs is excluded in the determination of all questions of time. The rule relates to actions in tort, as well as upon contract, and to questions arising under the statute of limitations. Wood, Lim. § 54; Halbert v. San Saba, 89 Tex. 230, 34 S. W. 639, 49 L. R. A. 193, and note; Seward v. Hayden, 150 Mass. 158, 22 N. E. 629, 5 L. R. A. 844, 15 Am. St. 183; Bemis v. Leonard, 118 Mass. 502, 19 Am. 470; Davison v. Budlong, 40 Hun, 245; Geistweidt v. Mann (Tex. Civ. App.) 37 S. W. 372; Smith v. Dickey, 74 Tex. 61, 11 S. W. 1049; McCulloch v. Hopper, 47 N. J. L. 189, 54 Am. 146; Blackman v. Nearing, 43 Conn. 56, 21 Am. 634; Beeman v. Cook, 48 Vt. 201, 21 Am. 123; Teucher v. Hiatt, 23 Iowa, 527, 92 Am. Dec. 440. Plaintiff's cause of action accrued on the day of the accident, but within the rule stated the statute of limitations did not commence to run until the day following; for the first day, or day of the injury, must be excluded. Texas v. Moore (Tex. Civ. App.) 43 S. W. 67; Louisville v. Watson, 90 Ala. 68, 8 South. 249.

If the statute or rule be held not applicable to a case of this kind, the further conclusion would follow that as to a person who is rendered insane by an injury caused by the negligence of another, the insanity occurring immediately after the injury, the day of the injury would be included in determining the question whether his cause of action was barred, but as to persons injured similarly, but who did not become insane as a result thereof, the day of the injury would be ex-

cluded. We are not prepared to adopt a rule that would work an inequality of this kind.

Our conclusion is directly supported by Sasser v. Davis, 27 Tex. 656, though it is opposed by Roelefsen v. City, 121 Iowa, 153, 96 N. W. 738. These are the only cases bearing directly upon the facts of the present case to which our attention has been called. In the Iowa case it appeared that plaintiff was injured, and afterwards and as a result thereof, but on the same day, became insane, and was unable to give the city the necessary notice precedent to the commencement of an action against it. The court held that the statute of limitations barred the action, but in the course of the opinion remarked that, had there been no appreciable length of time between the happening of the accident and the resulting injury, the conclusion might be different. This, in our view of the question, is applying the law too strictly. For the reasons stated, we hold, as applied to this case, that where a personal injury caused by the actionable negligence of another results in insanity, and the insanity occurs on the same day, the two events are, within the contemplation of the law, simultaneous, and the statute of limitations does not commence to run until the day following, and, further, generally, that the day on which a cause of action accrues should be excluded in the computation of the period within which an action may be brought thereon.

Order affirmed.