PANNELL *v.* GLIDEWELL.[*]

(Division B.    Feb. 28, 1927.)

[111 So. 571.    No. 26304.]

1. LIMITATION OF ACTIONS. *Unsoundness of mind, tolling statute of limitations, must exist at time cause of action accrued.*

Generally, disability of unsoundness of mind, to delay running of statute of limitations, must have existed at time at which cause of action accrued.

2. TIME. *Personal injury, and unsoundness of mind therefrom, are treated as simultaneous in determining limitation under rule concerning fraction of day.*

Where personal injury, caused by actionable negligence of another, resulted in unsoundness of mind, occurring on same day, the two events are to be treated as simultaneous in determining whether action is barred by limitations, since the law will not take notice of fractions of a day.

3. TIME. *"Day" is space of time elapsing between two successive midnights.*

A "day" is that space of time which elapses between two successive midnights.

4. TRIAL. *Instruction in action for damages for assault and battery, assuming defendant's guilt, though erroneous, held harmless, in view of other instructions.*

Instruction in action for damages for assault and battery, although erroneous in assuming as a fact that defendant was guilty of assault and battery, *held* cured and rendered harmless by other instructions requiring jury to determine defendant's guilt.

5. TIME. *If unsoundness of mind of one suing for damages for assault and battery began before expiration of day of injury, limitations did not begin until removal of disability (Hemingway's Code, sections 2466, 2470).*

Under Hemingway's Code, section 2470 (Code 1906, section 3106), if unsoundness of mind of plaintiff, in action for damages for assault and battery, began before expiration of day of injury, section 2466 (Code 1906, section 3102), barring cause of action after one year, was not set in motion until disability was removed, though, if unsoundness of mind began after expiration of day of injury, statute of limitations was then set in motion immediately.

---

*Corpus Juris-Cyc References: Day, 17CJ, p. 1131, n. 85; p. 1132, n. 88, 96; Limitation of Actions, 37CJ, p. 1026, n. 75 New, 77; p. 1254, n. 27; Time, 38Cyc, p. 315, n. 47; Trial, 38Cyc, p. 1657, n. 47, 52; p. 1785, n. 89; p. 1786, n. 97. The question as to mental incapacity as affecting running of statute of limitations, is discussed in annotation in 32 L. R. A. (N. S.) 350; 51 L. R. A. (N. S.) 834; 17 R. C. L. 877.

APPEAL from circuit court of Chickasaw county, First district.

HON. T. E. PEGRAM, Judge.

Action by H. C. Glidewell against John Pannell. Judgment for plaintiff, and defendant appeals. Reversed and remanded.

*Mitchell & Mitchell*, for appellant.

*Bratton & Mitchell*, for appellee.

*Reporter's Note*: All briefs missing from the record.

ANDERSON, J., delivered the opinion of the court.

Appellee sued appellant in the first district of the circuit court of Chickasaw county for damages for an as-

sault and battery alleged to have been committed on appellee by appellant, and recovered a judgment in the sum of two thousand five hundred dollars. From that judgment appellant prosecutes this appeal.

In addition to the general issue, the appellant pleaded, in bar of the action, the statute of limitations of one year. Section 3102, Code of 1906 (section 2466, Hemingway's Code).

The alleged assault and battery took place on the 6th day of June, 1921. This action was not begun until the 18th day of October, 1922. Section 3102, Code of 1906 (section 2466, Hemingway's Code), provides among other things, that actions for assault and battery shall be commenced within one year after the cause of action accrued, and not later. Appellee replied to appellant's special plea setting up the bar of the statute of limitations of one year, that the statute did not begin to run against appellant's cause of action at the time of the alleged assault and battery, nor for ten months, or more, thereafter, for the reason that, at the time appellant's cause of action accrued, and for ten months thereafter, he was under the disability of unsoundness of mind. Section 3106, Code of 1906 (section 2470, Hemingway's Code), provides, among other things, that, if any person entitled to bring any of the personal actions dealt with in the Code chapter on limitation of actions shall, at the time at which the cause of action accrued, be under disability of unsoundness of mind, he may bring such action within the time limited by the said chapter after such disability shall have been removed.

Appellant's principal ground for reversal of the judgment appealed from is that the evidence of appellee's mental condition shows without conflict that he was of sound mind at the time the alleged assault and battery was committed on him by appellee, and at least continued in that condition until some time before midnight of the day of the injury. The evidence does show without conflict that appellee was at the time of the injury, and for

some hours thereafter, of sound mind. But the evidence tended to show that, before the end of the day on which the injury occurred, appellee's mind became unsound. Appellant, in his argument, emphasizes the language of the statute. He insists that the statute is not open to construction; that it simply provides that the disability of unsoundness of mind must have existed "at the time at which the cause of action accrued." Appellant cites authorities to sustain that position. An no doubt that is the general rule, especially under statutes like ours. On the other hand, appellee contends that there was such a short space of time between the alleged assault and battery and the beginning of appellee's unsoundness of mind—less than a day—that the law will not take notice of so short a space of time; that therefore the law will look upon appellee's unsoundness of mind as existing at the time of the alleged assault and battery. We agree with that contention. Where a personal injury is caused by the actionable negligence of another resulting in unsoundness of mind occurring on the same day, the two events are to be treated as simultaneous. The law will not take notice of fractions of a day. 17 R. C. L. 877, section 233; *Nebola* v. *Minnesota Iron Co.,* 102 Minn. 89, 112 N. W. 880, 12 Ann. Cas. 56. We think this a sound and wholesome rule. A day is that space of time which elapses between two successive midnights. 2 Blackstone's Commentaries, 141; *Kane* v. *Commonwealth,* 89 Pa. 522, 33 Am. Rep. 787. As a general rule there are no fractions of a day in law. Where a cause of action accrues, although the injured person be of sound mind at the time, if before the expiration of the day of the injury his mind has become unsound, the space of time intervening is so short as not to afford the injured person sufficient time to understand and bring an action for the redress of his injury.

Appellant complains at the action of the court in giving the two instructions granted appellee. By the first instruction the court told the jury that there were two

issues of fact to be determined by the jury: (1) Whether appellee, after he was assaulted by appellant, was mentally incapacitated to understand his rights growing out of the assault for a period of ten months; and (2) whether the assault made by appellant was unlawful, willful, and not in necessary self-defense. Appellant criticizes this instruction because it assumed as a fact that appellant was guilty of the assault and battery of which he was charged. We think that criticism is well founded, but that it was cured and rendered harmless by other instructions given the jury, in which the jury were told that one of the questions they had to decide was whether appellant was guilty of the assault and battery upon appellee of which he was charged.

We are of opinion, however, that the instruction is erroneous and was calculated to mislead the jury in this: By it the jury were told, in substance, that if, after appellee was assaulted by appellant, the former became mentally incapacitated to comprehend his rights growing out of such assault for a period of ten months, then they should find for the appellee, provided the assault and battery was committed by the appellant willfully and not in necessary self-defense. The trouble with the instruction is that it told the jury that if, after the expiration of *any* space of time after the alleged assault and battery the appellee became mentally unsound, then the one-year statute of limitations was not set in motion. As we have held, that is not the law. If appellee's unsoundness of mind began after the expiration of the day on which he was injured, the statute of limitations was set in motion, and his cause was barred. On the other hand, if appellee's unsoundness of mind began before the expiration of the day on which he was injured then the statute was not set in motion until such disability was removed. If the jury had been properly instructed in this respect they might have found under the evidence that appellee's unsoundness of mind began after the expiration of the day on which he was injured,