**HUGHES v. ROOSEVELT.**
No. 73.

Circuit Court of Appeals, Second Circuit.
Dec. 4, 1939.

Dominick Blasi, of Brooklyn, N. Y. (Silas B. Axtell, of New York City, on the brief), for libelant-appellant.

John L. Quinlan, of New York City (Bigham, Englar, Jones & Houston, of New York City, on the brief), for defendant-respondent.

Before SWAN, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

On October 19, 1937, Hughes filed his libel in admiralty against Roosevelt for personal injuries claimed to have been sustained by him on August 10, 1934, while on board the respondent's yacht "Mistress." He asserted that by reason of the negligence of respondent's agents a spinnaker boom "carried away, broke or otherwise parted, striking libellant upon his head and knocking him down with such great force and violence" that he was permanently injured. The court sustained exceptions to the libel, based on the claim that, as shown on its face, the action was barred by the statute of limitations and by laches, but gave libelant leave to serve an amended libel. Thereupon libelant amended his allegations of injury to assert: "Libellant thereby became insane and by reason of such nervousness, insanity, etc., the statute of limitations has been tolled. Libellant is not, therefore, guilty of laches." Exceptions based on the same grounds as before were filed and were sustained by the court in the decree from which this appeal is taken.

The court applied the well known rule that, while there are no statutes of limitations in admiralty, the doctrine of laches is applied in lieu thereof, and that a state statute of limitations applicable to a similar injury on land may by analogy furnish a suitable yardstick to determine what constitutes laches, citing Marshall v International Mercantile Marine Co., 2 Cir., 39 F.2d 551; Westfall Larson & Co. et al. v. Allman-Hubble Tug Boat Co. et al., 9 Cir., 73 F.2d 200; The Sydfold, 2 Cir., 86 F.2d 611. It held that the appropriate analogy here was the New York state statute restricting an action to recover damages for a personal injury resulting from negligence to three years "after the cause of action has accrued." Civil Practice Act N.Y. § 49(6). Under the New York statute, too, insanity at the time when the cause of action accrues is a disability preventing the running of the statute of limitations during the period here involved. Civil Practice Act N.Y. § 60. Further, by Civil Practice Act N.Y. § 28, "a person cannot avail himself of a disability unless it existed when his right of action or of entry accrued." The court pointed out that the disability must exist when the right accrues. It then said: "It may be assumed that when the original libel was verified, October 15th, 1937, over three years after the accident in question, that the libelant was not insane. It is not alleged when he became insane, how long the state of insanity existed and when it ended." And so it sustained the exceptions.

In The Sydfold, supra, this court held that, where a libel showed that the cause set up was apparently barred by a

state statute of limitations, it was incumbent on the libelant to plead facts negativing laches or tolling the statute. It went on to say that the libelant's affidavits could not supply the deficiency, since no practice such as that of the summary judgment was sanctioned in admiralty, but an amendment of the libel should be permitted, for on a hearing "the libelant might have been able to furnish proof of facts that would have tolled the statute or excused his apparent laches, or accomplished both things." [86 F.2d 612.] Here there was not a total lack of any pleading on the matter; there was the quite general allegation of insanity quoted above. No motion was made to have this allegation particularized. In former days of special pleading such an allegation might have been held fatal on a general demurrer; though actually at strict common law the statute of limitations was a defense and no question of pleading a disability in the complaint could arise. Atkinson, Pleading the Statute of Limitations, 36 Yale L.J. 914. Now more general pleading is permitted, certainly as against the objection of failure to state any claim. In the light of The Sydfold, supra, however, we cannot say the court below erred in sustaining the exceptions; but we do think libelant had gone sufficiently far in indicating a possible excuse so that he should be given yet another opportunity to amend his libel.

Under the New York statute it is an interesting question whether insanity arising from a defendant's act which is the cause of action sued upon prevents the statute from running within the meaning of the exception. The exact point apparently has not been authoritatively passed upon in New York, though the courts point out, as the statute emphasizes, that the disability must exist when the cause accrues. Scallon v. Manhattan R. Co., 185 N.Y. 359, 78 N.E. 284, 7 Ann.Cas. 168; Nathan v. Equitable Trust Co., 250 N.Y. 250, 165 N.E. 282; cf. Wood on Limitations (4th Ed.), §§ 242 a (1) and (4). In other jurisdictions there is some conflict in the cases; some, at least, hold that, if insanity results at once or very soon after the injury, the statutory disability exists. Nebola v. Minnesota Iron Co., 102 Minn. 89, 112 N.W. 880, 12 Ann.Cas. 56; Pannell v. Glidewell, 146 Miss. 565, 111 So. 571; Sasser v. Davis, 27 Tex. 656. The first two cases stress the fact that insanity occurred the same day; the Sasser case does not stress the time element. The rule is rejected in Roelefsen v. City of Pella, 121 Iowa 153, 96 N.W. 738, where the cause was held to have accrued when insanity did not develop for three or four hours after the accident. Other cases have reached the same result, where, however, the time interval was greater. Calumet Elec. Street Ry. Co. v. Mabie, 66 Ill.App. 235 (8 months); McCutchen v. Currier, 94 Me. 362, 47 A. 923 (1 month); and Chilford v. Central City Cold Storage Co., 166 Misc. 780, 3 N.Y.S.2d 386 (8 years before adjudication of insanity).

Here the pleadings in their present state do not give us sufficient facts so that we can pass upon even this point. The assumption made by the court below that libelant was sane at the time of filing the libel does not settle it. The court indulged in this assumption to explain its conclusion that libelant must plead his disability precisely. As we have pointed out, the assertion of the fact of insanity with the conclusion that it tolled the statute and refuted laches was in our judgment a sufficient indication of a possible excuse so that final judgment should not go against libelant on what is the equivalent of only general demurrer. And, even if insanity did not result at once, libelant may still be able to furnish proof excusing his apparent laches. Insanity of such a nature as to show lack of sufficient knowledge to bring suit during the period of the running of the statute may well provide such an excuse, even if it does not technically toll the New York statute. At any rate, we feel that the subject deserves more extensive exploration than was possible in the state of the pleadings below.

The decree below is therefore modified to provide that the libelant shall have leave within a reasonable time, to be fixed by the district court, to file and serve an amended libel.