**STATE of Minnesota, Respondent,**

v.

**Scott Garrett WERTHEIMER, Appellant.**

**No. A08–412.**

Supreme Court of Minnesota.

April 22, 2010.

Lori Swanson, Attorney General, St. Paul, MN, and; Robert M. A. Johnson, Anoka County Attorney, Robert D. Goodell, Assistant Anoka County Attorney, Anoka, MN, for respondent.

Max A. Keller, Minneapolis, MN, for appellant.

## OPINION

ANDERSON, G. BARRY, Justice.

Appellant, Scott Wertheimer, was arrested on May 12, 2007, for driving while impaired. Wertheimer had three previous driving-while-impaired (DWI) convictions, with the earliest on May 12, 1997. Following Wertheimer's May 12, 2007, arrest, the State charged him with first-degree DWI, a felony, on the assumption that his May 12, 2007, violation was "within ten years of" his May 12, 1997, conviction as required by Minn.Stat. § 169A.24, subd. 1(1) (2008). The sole issue before us is whether May 12, 2007, is within ten years of May

12, 1997. The parties dispute whether we should apply Minn.Stat. § 645.15 (2008)—a time computation statute—to determine the bounds of the ten-year period.

For purposes of this appeal, the facts are undisputed. On Saturday, May 12, 2007, Wertheimer was arrested for DWI. Wertheimer was later charged with two counts of felony first-degree DWI under Minn.Stat. § 169A.20, subds. 1–2 (2008) (DWI and test refusal), and one count of violation of a restricted license under Minn.Stat. § 171.09, subd. 1(d)(1) (2008). Section 169A.24, subdivision 1, states, in relevant part, "[a] person who violates section 169A.20 (driving while impaired) is guilty of first-degree driving while impaired if the person ... commits the violation within ten years of the first of three or more qualified prior impaired driving incidents...." Wertheimer was convicted of DWI on May 12, 1997; December 15, 1998; and March 23, 2004. Each of those three convictions represents a "qualified prior impaired driving incident" for the purposes of section 169A.24. *See* Minn. Stat. § 169A.03, subd. 22 (2008) (defining qualified prior impaired driving incident to include "prior impaired driving convictions").

At his omnibus hearing, Wertheimer moved to dismiss the first-degree DWI charges on the ground that his May 12, 2007, violation was not within ten years of his May 12, 1997, conviction, and therefore the requirements of section 169A.24, subdivision 1, were not met. The district court denied Wertheimer's motion. The State then dismissed all but one charge: felony first degree DWI (test refusal) under sections 169A.20, subdivision 2, and 169A.24, subdivision 1. The district court conducted Wertheimer's *Lothenbach* trial under Minn. R.Crim. P. 26.01, subd. 4, *see State v. Lothenbach,* 296 N.W.2d 854 (Minn. 1980), and convicted Wertheimer of first-

degree DWI (test refusal). The court of appeals affirmed. *State v. Wertheimer,* No. A08–0412, 2009 WL 910883 (Minn. App. Apr. 7, 2009). We granted Wertheimer's petition for review.

■ Because this case involves only issues of statutory interpretation, the standard of review is de novo. *State v. Engle,* 743 N.W.2d 592, 593 (Minn.2008). We first address whether the time-computation statute, section 645.15, applies to section 169A.24, subdivision 1.

Minnesota Statutes § 645.15 prescribes the method for computing time in certain circumstances, under Minnesota law. Section 645.15 states, in relevant part,

> [w]here the performance or doing of any act, duty, matter, payment, or thing is ordered or directed, and the period of time or duration for the performance or doing thereof is prescribed and fixed by law, the time ... shall be computed so as to exclude the first and include the last day of the prescribed or fixed period or duration of time. When the last day of the period falls on Saturday, Sunday, or a legal holiday, that day shall be omitted from the computation.

Section 169A.24, subdivision 1, under which Wertheimer was charged, requires the computation of a ten-year period and a determination of whether certain offenses fall within that period. Section 169A.24, subdivision 1, states that a person is guilty of first-degree DWI if he "commits the [DWI] violation within ten years of the first of three or more qualified prior impaired driving incidents...." *Id.,* subd. 1(1).

The State argues that section 645.15 should apply to all statutes necessitating the computation of time unless a different computation method appears in the statute itself. The State argues that because section 169A.24, subdivision 1, does not pro-

vide an alternative method for computing its ten-year period, section 645.15 should apply. Wertheimer concedes that section 169A.24, subdivision 1, does not include a method for computing time, but contends that, by section 645.15's unambiguous, plain language, section 645.15 should not apply to section 169A.24, subdivision 1.

■ The State cites *Nelson v. Sand-kamp*, 227 Minn. 177, 34 N.W.2d 640 (1948); *Kokesh v. City of Hopkins*, 307 Minn. 159, 238 N.W.2d 882 (1976); and *Jorgensen v. Knutson*, 662 N.W.2d 893 (Minn.2003), to support the argument that section 645.15 applies to all statutes requiring the computation of time unless another method is specifically included in the statute. Noting that section 645.15 is a codification of a common-law time-computation method, we stated in *Nelson* that "in making [section] 645.15 expressive of the common-law rule, the legislature intended to provide a certain and uniform rule for the computation of periods of time prescribed or fixed in all statutes, except in those cases where the statutory terms affirmatively indicate the contrary." 227 Minn. at 181–82, 34 N.W.2d at 643. At common law, we applied a rule very similar to section 645.15. In *Nebola v. Minn.*

*Iron Co.*, we stated that, under the common law, "the day on which an act or event occurs is excluded in the determination of all questions of time." 102 Minn. 89, 92, 112 N.W. 880, 881 (1907) (applying the common-law time-calculation rule to determine whether a party filed a cause of action before the statute of limitations had run).

But there are important differences between this case and the cases in which we have applied section 645.15 and its common-law predecessor. First, the plain language of section 645.15 indicates that it does not apply here. Section 645.15 states that it applies "[w]here the performance or doing of any act, duty, matter, payment, or thing is ordered or directed." We have consistently applied section 645.15 to statutes that *required the performance of an act* within a time period.[1] Required acts triggering application of the statute include, for example, the filing of a cause of action before the expiration of the statute of limitations, *Nelson*, 227 Minn. at 181–82, 34 N.W.2d at 643, and the statutory requirement to post notice of a construction project three weeks before soliciting bids. *Kokesh*, 307 Minn. at 162, 238 N.W.2d at 885. All the relevant statutes at issue in

---

1. *E.g., Jorgensen*, 662 N.W.2d at 897–900 (applying section 645.15 to a statute requiring 30 days notice before cancelling an insurance policy for nonpayment); *In re Nelson*, 495 N.W.2d 200, 202 (Minn.1993) (applying section 645.15 to a statute requiring a mortgagee in default to make a redemption payment within one year); *Kokesh*, 307 Minn. at 162, 238 N.W.2d at 885 (applying section 645.15 to a statute requiring published notice of a project three weeks before solicitation of construction bids); *State v. Fischer*, 305 Minn. 538, 539, 233 N.W.2d 560, 561 (1975) (applying section 645.15 to a statute requiring the state to file a notice of appeal within five days); *Twp. Bd. v. Lewis (In re Twp. Bd.)*, 305 Minn. 488, 490–92, 234 N.W.2d 815, 817–18 (1975) (applying section 645.15 to a statute requiring a town board to give landowners

ten days' notice of a meeting regarding a petition to build a road); *Kearns v. Julette Originals Dress Co.*, 267 Minn. 278, 278–79, 126 N.W.2d 266, 267 (1964) (applying section 645.15 to a statute requiring an appeal from a referee decision be made within 30 days); *Diker v. City of St. Louis Park*, 268 Minn. 461, 463, 130 N.W.2d 113, 115. (1964) (applying section 645.15 to a statute requiring a plaintiff to give a city written notice within 30 days of injury before filing a negligence claim); *Nelson*, 227 Minn. at 181–82, 34 N.W.2d at 643 (applying section 645.15 to a one-year statute of limitations); *Jasperson v. Jacobson*, 224 Minn. 76, 84–85, 27 N.W.2d 788, 793–94 (1947) (applying section 645.15 to a statute requiring personal service 14 days before an adjudication of incompetency).

section 645.15 cases have ordered or directed an act within a time period. Indeed, as we stated in *Jorgensen,* section 645.15 "is a codification of a common law computing method that was uniformly applied to all statutes that required the *performance of a legal act* within a number of days." 662 N.W.2d at 899 (emphasis added). This is consistent with the application of the common-law rule in *Nebola,* in which we analyzed whether the plaintiff brought his action, i.e., performed a required legal act, within the time period allowed by the statute of limitations. 102 Minn. at 89–93, 112 N.W. at 880–81. But the statute at issue here differs from statutes to which we have previously applied section 645.15.

Section 169A.24, subdivision 1, does not order or direct the doing or performance of any act, duty, matter, payment, or thing. Rather, section 169A.24, subdivision 1, describes an element of first-degree DWI, as opposed to other driving-while-intoxicated violations under section 169A.20. Section 169A.24, subdivision 1, states that a defendant is guilty of first-degree DWI if that person violates section 169A.20 "within ten years of the first of three or more qualified prior impaired driving incidents." Minn. Stat. § 169A.24, subd. 1. Only under a strained reading can section 169A.24, subdivision 1, be construed to require the performance of an act, e.g., perhaps directing everyone *not* to violate Minnesota's DWI statutes. A general obligation to obey criminal statutes is very different from the specific statutory acts and duties to which we have applied section 645.15 in the past.

Further, we have never applied section 645.15 to a substantive statutory provision defining an element of a crime. Indeed, our research suggests that at the time section 645.15 was enacted, no Minnesota statutes defining the elements of a crime required the calculation of time. Rather, provisions like section 169A.24, subdivision 1, are relatively recent innovations.[2] In each case in which we have applied section 645.15 to a statutory provision, that provision has been procedural in nature. We have never applied section 645.15 to a substantive provision of a criminal statute.

Despite apparently broad statements in our case law that section 645.15 applies to all statutes requiring the computation of time unless the statute itself says otherwise, we conclude that section 645.15 does not apply to section 169A.24, subdivision 1. Our conclusion complies with the plain language of section 645.15, which states that it applies "[w]here the performance or doing of any act, duty, matter, payment, or thing is ordered or directed." The statute at issue in the case before us, section 169A.24, subdivision 1, does not require the performance or doing of any act within a time period. Given this background, and given that the present case involves a substantive provision of a criminal statute, we decline to extend the application of section 645.15 here.

■ Because we conclude that the time-computation statute does not apply, we turn to the language of section 169A.24, subdivision 1, to determine whether May 12, 2007, is within ten years of May 12, 1997. We construe words in statutes con-

---

**2.** *See* Act of June 30, 2001, 1st Spec. Sess., ch. 8, art. 11, § 3, 2001 Minn. Laws 1943, 2112 (adding section 169A.24, which defines first-degree DWI as, among other things, a "violation within ten years of the first of three or more qualified prior impaired driving incidents"); Act of June 1, 1995, ch. 259, art. 3, § 15, 1995 Minn. Laws 2739, 2783–84 (codified as amended at Minn.Stat. § 609.2242) (defining gross misdemeanor and felony domestic assault, in part, based upon prior domestic assault convictions within a certain time period).

sistent with their common usage, unless those words have a different technical meaning in context. Minn.Stat. § 645.08 (2008). Section 169A.24, subdivision 1, states, in relevant part, "[a] person who violates section 169A.20 (driving while impaired) is guilty of first-degree driving while impaired if the person ... commits the violation within ten years of the first of three or more qualified prior impaired driving incidents...." Here, Wertheimer was convicted of DWI on May 12, 1997, was convicted of DWI two more times, and violated section 169A.20 again on May 12, 2007. We must determine whether May 12, 2007, is "within ten years of" May 12, 1997; in other words, whether all three of Wertheimer's DWI convictions, as well as his most recent violation, are within the same ten-year period.

Under Minnesota Statutes, "year" is defined as "a calendar year, unless otherwise expressed." Minn.Stat. § 645.44, subd. 13 (2008). Under the Gregorian calendar, which we use, a calendar year consists of 12 months, 52 weeks, and 365 or 366 days (366 days during a leap year which occurs once every four years). *See The American Heritage Dictionary of the English Language* 2068 (3d ed. 1992). In other words, a year does not equal a year and a day.

By definition, a calendar year includes exactly one of each date. It includes just one January 22, just one January 23, and so on throughout the year. By extension, a ten-year period includes exactly ten of each date (except for February 29, of which there are two or three). In ten years, for example, we have exactly ten birthdays or ten wedding anniversaries, no more, no less.

"Within" means "[i]nside the limits or extent of in time" and "[i]nside the fixed limits of." *Id.* at 2051. So, for May 12, 2007, to be "within ten years of" May 12,

1997, both dates must be in the same ten-year period. Beginning the ten-year period on May 12, 1997—which is necessary because section 169A.24, subdivision 1, requires that the first violation be inside the ten-year period—and counting forward ten years, we arrive at the last day of the period on May 11, 2007. This construction of section 169A.24, subdivision 1, comports with the plain meaning of both the terms "year" and "within." The State would have us define "year" to be a year and a day and a ten-year-period to be ten years and one day. We cannot square this definition with the common meaning of the term "year." *See In re Welfare of H.A.D.,* 764 N.W.2d 64, 67 (2009) ("The State's argument—essentially arguing that there are 366 days in a year—lacks merit.").

Because we conclude that section 645.15 does not apply to section 169A.24, and because we conclude that May 12, 2007, is not "within ten years of" May 12, 1997, under section 169A.24, subdivision 1, we hold that the district court erred when it denied Wertheimer's motion to dismiss the State's felony first-degree DWI charges.

Reversed and remanded for proceedings consistent with this opinion.