GATES TIRE COMPANY, Appellee, v. A. W. BEHRENDS, Appellee; FIRST NATIONAL BANK OF FOREST CITY, Intervener, Appellant.

**EVIDENCE:** Burden of Proof—Invalid Acknowledgment. An attaching plaintiff who disputes the priority of an intervener's chattel mortgage on the ground of invalidity of the acknowledgment thereto must assume the burden on such issue. So held where it was claimed that a chattel mortgage, though originally made to an individual, was in fact made for the benefit of an intervening bank, and was acknowledged before a stockholder and director of the bank.

*Appeal from Winnebago District Court.*—C. H. KELLEY, Judge.

MARCH 13, 1923.

THIS is a controversy between an attachment plaintiff and a mortgagee intervener, over the right of possession of a stock of goods attached by the plaintiff. The debtor defendant made no defense. There was a verdict for the plaintiff, and the intervener appeals.—*Reversed and remanded.*

*T. J. Enright, Oliver Gorden,* and *Tom Boynton,* for appellant.

*Thompson, Loth & Lowe,* for appellee.

EVANS, J.—I.  The plaintiff brought an action upon promissory notes against the defendant Behrends, and caused an attachment to be issued and to be levied upon a certain stock of goods as the property of Behrends, all of which was done on April 13, 1921. Thereafter, the intervener filed a petition of intervention, claiming the right of possession of the property under a mortgage note given on November 10, 1920, to John Olson, which mortgage note was duly assigned by Olson to the intervener on November 16, 1920. The plaintiff answered the petition of intervention. The answer purported to be an attack upon the validity of the acknowledgment of the mortgage, and therefore upon the validity of the recording thereof, as being constructive notice to the plaintiff. The facts alleged were that John Olson, the payee in the mortgage note, was the president of the intervener bank, November 10, 1920, and that he was acting for said bank in the taking of such mortgage note, and was not acting for himself; that Bessie Harstedt, who took the acknowledgment of the instrument, was a stockholder and director of the bank, and was, therefore, incompetent to take the acknowledgment of an instrument in which the bank was interested as the owner. The only contested issue of fact submitted to the jury was whether, on November 10, 1920, Olson acted for himself individually in taking said mortgage note, or whether he was acting for the bank in the taking of the same.

The mortgage note was regular on its face as an instrument to Olson as payee. It was not acknowledged until November 16th. A formal assignment thereof was made by Olson to the bank on such date. The trial court instructed the jury that the

burden was on the intervener to show that the transaction of November 10, 1920, was personal with Olson, and was not a transaction with the bank. One ground of complaint of this instruction, which was saved by exception, is that the burden of proof was so laid upon the intervener. It will be noted that the issue made at this point had no materiality, except as bearing upon the invalidity of the notarial acknowledgment. The paper and acknowledgment were regular upon their face. The plaintiff had a right to set up the facts upon which the claim of invalidity was based, and to plead the same as a defense. Manifestly, it could not, by merely pleading such facts, cast the burden of proof thereof upon the intervener. The intervener's instrument was legal on its face, and it had a right to stand thereon. It was a part of plaintiff's defense against the intervener to show that the real beneficiary of the note on November 10, 1920, was the bank, and not Olson, who appeared therein as payee. Unless the plaintiff could prove such fact, then the notarial acknowledgment was valid. The burden upon this issue was upon the plaintiff, and not upon the intervener.

It is urged by the appellee that the exception to the instruction was not based upon this ground, but was based only on the ground that the evidence was conclusive against the plaintiff on that issue. We find that exception was taken upon both grounds, and it was repeated in the motion for a new trial.

II. It is earnestly argued by appellant that the evidence on this issue was conclusive, and that the plaintiff introduced no evidence except its notes. It is urged, therefore, that the court should have instructed the jury to find for the intervener. It is true, in a sense, that the plaintiff introduced no evidence except its notes. This fact does not necessarily render the evidence of intervener conclusive. Some facts were stipulated into the record. No proof, therefore, was necessary as to them. Extensive cross-examination of intervener's principal witnesses was conducted by counsel for the plaintiff. This examination went into all the circumstances surrounding the transaction of November 10, 1920, as well as the events of November 16, 1920, and of the intervening time. The plaintiff was entitled to the benefit of all the facts thus elicited, as evidence in its behalf. The facts thus elicited did present a conflict of evidence, in that

adverse inferences might be drawn therefrom by the jury. Submission of the issue to the jury upon such conflict was proper.

For the reason indicated in the first division hereof, the judgment below must be reversed.—*Reversed and remanded.*

PRESTON, C. J., ARTHUR and FAVILLE, JJ., concur.