GATES COMPANY, Appellant, v. A. W. BEHRENDS et al., Appellees.

**APPEAL AND ERROR:** Right of Review—Waiver. A party may not acquiesce in the trial court's rulings relating to cross-examination, and on appeal predicate error on such rulings.

**TRIAL: Argument—Waiver.** A party may not acquiesce in the trial court's rulings relating to the right to open and close the argument, and, on appeal, predicate error on such rulings.

**ACKNOWLEDGMENT: Invalid Acknowledgment—Evidence.** Evidence reviewed, and held to present a jury question on the issue whether an acknowledgment of a chattel mortgage was invalid because taken before an interested notary public.

**EVIDENCE: Documentary—Withdrawn Pleading.** A withdrawn allegation of fact detrimental to the interest of the pleader may be admissible on behalf of the opposing party.

**TIME: Fractions of a Day.** The general principle that the law does not recognize *fractions* of a day is not of universal application. Exception recognized on the question as to the *exact* time when an acknowledgment was taken.

*Appeal from Winnebago District Court.*—M. H. KEPLER, Judge.

### MARCH 11, 1924.

SUIT on a note, aided by attachment. Appellee bank intervened, claiming a prior lien on the attached personal property, under a mortgage. The contest is between plaintiff and intervener. Trial to a jury. Verdict and judgment for intervener. Plaintiff appeals.—*Affirmed.*

*Thompson, Loth & Lowe,* for appellant.

*Tom Boynton* and *T. J. Enright,* for appellee.

PRESTON, J.—The case was reversed on a prior appeal because of error in an instruction. *Gates Tire Co. v. Behrends,* 195 Iowa 464.

1. On the former trial, Olson, the payee in the mortgage note, intervener's principal witness, was cross-examined at length by counsel for plaintiff as to the transaction in regard to the execution of the note and mortgage; and it was determined on the prior appeal that this examination was such as to make a conflict in the testimony, and that the case was, therefore, for the jury. On the retrial, Olson was again used as a witness, but was only asked as to seeing the signature to the note and mortgage. The note and mortgage were then offered in evidence. On cross-

1. APPEAL AND ERROR: right of review: waiver.

examination, he testified that no one but Behrends, the maker of the note, and witness were present when the note was signed; that it was signed in Behrend's office on the date it bears, November 10, 1920. "Am president of appellee bank. No other documents were signed by Behrends at that time." Counsel for plaintiff then sought to again go into the details of the transaction, as before; but appellee's objection that it was not cross-examination was sustained. Complaint is now made that the court erred in not permitting such cross-examination. This was a matter somewhat within the discretion of the trial court. Furthermore, counsel for appellant seems to have acquiesced in the ruling. He said:

"Well, that is all for the present. I will find that exact situation in the transcript and call him back."

Witness was not called back. We think there was no error at this point.

2. Appellant now complains that the court erred in not permitting plaintiff to open and close the argument to the jury. There was a short stipulation as to some of the facts. Thereupon intervener, without any contention, assumed the burden of going forward, and introduced the evidence before set out. Thereupon plaintiff introduced some of the pleadings to be referred to in a moment, and this was all the evidence introduced. Thereupon intervener made a motion for a directed verdict, which was overruled. Plaintiff then filed his motion for directed verdict, which was overruled. The question then arose as to who should open and close the argument to the jury. At this point the following appears:

2. TRIAL: argument: waiver.

"Loth: I will waive my opening argument. I take it I have the right to open and close.

"Boynton: Does your honor hold that Mr. Loth has the opening argument? If so, we will let the record show he waives his opening argument."

The court stated that a nice question was presented as to whether, on the whole case, plaintiff or intervener had the burden, but indicated that at least as to one issue,—whether or not appellee was so beneficially interested, at the time the acknowledgment to the mortgage was taken by the notary, who was a

stockholder in appellee bank,—the burden was on plaintiff, but was inclined to think that, on the whole record, the burden was upon intervener. Mr. Loth stated:

"If the burden is on us in the whole case, we should like to open and close. I thought that was passed on before. It is immaterial to me which way it goes. If I have the right to open and close, I am willing to waive the opening argument. I only care to make one argument. It don't make any difference to me, so long as *they* are satisfied. I assumed, in view of the opinion of the Supreme Court, I would have the right to open and close; but, if that does not apply, I am not going to complain about it."

From this record, we think appellant is not in a position to now complain of this matter.

3. As we view it, the only debatable point in the case is whether the evidence was sufficient to take the case to the jury on the question as to whether, at the time of the acknowledgment by the notary, the bank was so beneficially interested as that the notary was disqualified. We held on the former appeal that the note and mortgage were valid on their face, and that the burden was upon plaintiff to show such interest. Appellee contends that there was no showing of that fact. On the other hand, appellant contends that it was so shown by an admission in intervener's pleadings, and that such showing is conclusive, and that plaintiff's motion for a directed verdict should have been sustained, and further, that a new trial should be granted because the finding of the jury is contrary to the instructions of the court.

3. ACKNOWLEDG-MENT: invalid acknowledgment: evidence.

The note and mortgage were executed November 10, 1920, and were due May 10, 1921. The mortgage was acknowledged November 16, 1920, and recorded December 9, 1920. Appellee alleges that it was transferred or assigned to intervener by Olson November 16th. The attachment was levied thereafter. It was stipulated that Bessie Harstedt, whose signature appears on the mortgage as notary, was, on the 10th day of November and at all times thereafter until January 1, 1921, a stockholder of the intervener bank; that the property levied on by the sheriff herein is the property referred to in the mortgage, and is of the value of $208; that plaintiff has recovered a judgment in this

suit against Behrends, in which the attachment was confirmed as to him, for more than the value of the property.

For answer to the intervention, plaintiff alleged that any loan made by Olson to defendant was in fact made by him on behalf of the bank, and from the funds of the bank, and that the note and mortgage referred to in intervener's petition, if any were taken, were at all times the property of said bank, and that the notary was a stockholder therein at all times material to this action. The trial court instructed, in substance, that the name of the payee on the mortgage note is not conclusive upon plaintiff as to the ownership, or beneficial interest therein; that if, at the time the note was executed, the intervener was the actual owner thereof or had a beneficial interest therein, or if, at the time the acknowledgment was taken, intervener was the actual owner, or had a beneficial interest therein, then intervener cannot recover; and that it was for the jury to determine, from all the evidence, whether such ownership or beneficial interest has been proved by the greater weight or preponderance of the evidence. Also, that a stockholder of a bank is not authorized to take the acknowledgment as notary public to any instrument in which the bank has any interest; that, if in fact, on November 10th, Olson, in taking the mortgage note, was, in truth and fact, acting on behalf of the bank, or if the mortgage note referred to was at all times the property of the bank, or if at all times it had a beneficial interest therein, or if, on November 16th, at the time the acknowledgment was taken, the note was the property of the bank, then the purported acknowledgment was of no effect, and in that event the bank would not be entitled to recover, as against the plaintiff, but if they should so find, the verdict should be for the plaintiff, etc.

So much of the original petition of intervention as is material to the proposition now under consideration is that, at the time of the levy, plaintiff had a mortgage on the property; that the mortgage was given to secure a note dated November 10th, "made, executed, and delivered by the defendant *to the said intervener*." By an amendment to this petition, intervener struck out the foregoing allegations, and in lieu thereof alleged, in substance, that, at the time of the levy, intervener had a mortgage on the prop-

4. EVIDENCE: documentary: withdrawn pleading.

erty, given *to John Olson* on November 10th, and by said Olson
sold to intervener November 16th, when the mortgage became
the property of intervener; that same was filed for record; that
the mortgage was given to secure a note therein included, dated
November 10th, made, executed, and delivered by defendant *to
said John Olson,* and by said Olson duly sold to intervener No-
vember 16th; and that it is now intervener's property, and un-
paid to the extent of more than $500.

In plaintiff's answer to the intervention, these allegations
were denied. Up to this point, then, under the pleadings, as
pleadings, plaintiff had nothing in the record to substantiate its
claim that the bank was interested at the time of the acknowledg-
ment. As said on the former appeal, on the face of it the note
and mortgage were valid, and the burden of proof was upon the
plaintiff to show that, at the time the acknowledgment was taken,
the bank was the owner, or interested. Intervener had the right
to, and did, by amendment, withdraw the clause in the original
petition of intervention that the note and mortgage were exe-
cuted and delivered by defendant Behrends to intervener. Not-
withstanding this, plaintiff had the right to, and did, introduce
the petition in evidence, as an admission by intervener that the
note and mortgage were executed *to* intervener, as tending to
show that intervener was the owner and interested in the note
on the 10th of November and thereafter. Appellant relies on
that statement. It is the only evidence in the case, as we view it,
tending to show ownership and interest of the bank. The argu-
ment is that such statement is at variance with the present claim
that the mortgage was delivered by defendant to Olson and by
Olson to intervener, and shows completely that the mortgage
was at all times in fact bank property. But plaintiff went fur-
ther, and offered in evidence the amendment to petition by which
the statement just referred to was withdrawn, and wherein it
was alleged that the note and mortgage were executed to Olson,
and by him sold to the bank. So that plaintiff's own evidence
had it both ways. In addition to this, the note and mortgage
were introduced in evidence, and they are, in fact, made pay-
able to Olson, and the note is indorsed by Olson to the bank. It
occurs to us that the most appellant can claim is that there was
a conflict in the evidence as to this; and it was for the jury to

say, as it was instructed, whether plaintiff had met the burden.

It is contended by appellee that the allegation in the original petition was a mistake of the pleader's. It may be so. There is no showing that the attention of the bank officers was directed to the particular form of this allegation. The petition was verified by Beckjorden, cashier. But it was admitted in evidence without objection, and was proper to be considered with all the circumstances in the case.

4. It is further contended by appellant that the law takes no cognizance of unproved fractions of a day; that the notary took the acknowledgment on the 16th, and the bank acquired the paper on the 16th; that, therefore, the evidence shows the notary interested when she took the acknowledgment. It may be true that in some cases the law takes no cognizance of fractions of a day, but the rule does not necessarily apply in the instant case. If the acknowledgment was taken before the transfer to intervener, the bank would have no ownership or interest at that time. The burden was on plaintiff to show that, at the time the acknowledgment was taken, the bank was so interested. As said, it was for the jury to say whether plaintiff had so shown. We said, in *Roelefsen v. City of Pella*, 121 Iowa 153, 155:

5. TIME: fractions of a day.

"That for certain purposes the law does not recognize fractions of a day is true, but this principle is not universal. The exact time is often an important element in litigation, and, when it becomes necessary to ascertain the relation of events, the law does consider fractions of a day. Indeed, the time element may be so material that seconds, even, will be considered."

In that case, an appreciable length of time—several hours—intervened between the happening of an accident and an insane condition thereafter.

We think there is no prejudicial error, and that the judgment ought to be affirmed. It is—*Affirmed*.

ARTHUR, C. J., EVANS and FAVILLE, JJ., concur.