**In the Matter of the WELFARE OF D.T.P.**

**No. A03–2057.**

Court of Appeals of Minnesota.

Aug. 31, 2004.

John M. Stuart, State Public Defender, Ann McCaughan, Assistant State Public Defender, Minneapolis, MN, for appellant D.T.P.

Mike Hatch, Attorney General, and Susan Gaertner, Ramsey County Attorney, Eleni P. Skevas, Assistant Ramsey County Attorney, St. Paul, MN, for respondent State of Minnesota.

Considered and decided by ANDERSON, Presiding Judge; TOUSSAINT, Chief Judge; and SHUMAKER, Judge.

## OPINION

GORDON W. SHUMAKER, Judge.

Appellant was adjudged delinquent on one count of misdemeanor theft after admitting that he had stolen an earring valued at $15 or less. The district court designated the theft as a misdemeanor because appellant had a prior misdemeanor contempt-of-court adjudication. The court ordered out-of-home placement for 7 to 11 days and stayed the disposition order pending appeal. Appellant challenges the disposition order, claiming that it is invalid because (1) the underlying offense was improperly enhanced on the basis of a void delinquency adjudication, and (2) the court failed to make sufficient findings to support the disposition. Because the district court properly designated the theft as a misdemeanor based on appellant's prior misdemeanor adjudication, we affirm that part of the order. However, we remand for required findings on the disposition.

## FACTS

In January of 2001, appellant D.T.P., a juvenile, was adjudged as a habitual truant. The district court placed D.T.P. on supervised probation and required him to attend school. When D.T.P. continued to miss school, he was charged with misdemeanor contempt of court under Minn. Stat. 588.20 (2002) and was adjudged delinquent based on the misdemeanor contempt charge.

In October 2003, D.T.P. was charged with misdemeanor theft. D.T.P. requested that the district court withhold adjudication of delinquency because the prior adjudication of delinquency was not proper. The district court stated that because the prior adjudication of delinquency was never appealed it was "the law of the case." The district court adjudged D.T.P. delinquent based on the prior adjudication of delinquency and the misdemeanor theft.

The court stayed out-of-home placement pending this appeal.

## ISSUES

1. When a juvenile, who has a prior misdemeanor adjudication, commits a misdemeanor-level crime, the current misdemeanor crime is a misdemeanor. Was it proper for the district court to designate appellant's theft offense as a misdemeanor when appellant had a prior misdemeanor adjudication for contempt of court?

2. A juvenile, who is under continuing jurisdiction of the court for committing a status offense, may not be adjudged delinquent solely on the basis of contempt of court. Where the prior delinquency adjudication was not appealed, does it become the law of the case?

3. A juvenile court disposition for out-of-home placement must be supported by findings that address five subjects. Did the district court make adequate findings to support its disposition?

## ANALYSIS

■ Proper designation of juvenile offenses is governed by statute, and statutory construction is a question of law, subject to de novo review. *In re Welfare of J.M.*, 574 N.W.2d 717, 721 (Minn.1998).

### I.

■ D.T.P. argues that his theft offense was improperly enhanced from a juvenile petty offense to a misdemeanor. A "juvenile petty offense ... includes an offense that would be a misdemeanor if committed by an adult ... [but] does not include ... a misdemeanor-level offense committed by a child whom the juvenile court previously has found to have committed a misdemeanor ... offense." Minn. Stat. 260B.007, subd. 16(c)(3) (2002). Thus, when a juvenile with no prior misde-

meanor adjudication commits a misdemeanor-level offense, it is considered a juvenile petty offense; but if the juvenile has a prior misdemeanor adjudication, the current misdemeanor-level offense is not a juvenile petty offense, but is a misdemeanor.

Here, D.T.P. was charged with theft of items worth less than $250, which is a misdemeanor-level offense. Minn.Stat. 609.52, subd. 2(1), subd. 3(5) (2002). D.T.P. was previously found to have committed misdemeanor contempt of court under Minn.Stat. 588.20 (2002). *See* Minn. R. Juv. P. 17.01, subd. 1, (A)(5)(a) (listing criminal contempt under Minn.Stat. 588.20 as an exception to non-traffic misdemeanor-level offenses that are considered juvenile petty offenses). Thus, the theft is not a juvenile petty offense but is a misdemeanor.

## II

D.T.P. argues that the prior adjudication of delinquency is void and could not be used as the basis to enhance the petty theft to misdemeanor theft. In November 2002, D.T.P. was charged with criminal contempt under section 588.20 as a misdemeanor and was subsequently adjudged delinquent based on that charge. Regarding contempt, the juvenile statute states:

> Any person knowingly interfering with an order of the juvenile court is in contempt of court. However, a child who is under the continuing jurisdiction of the court for reasons other than having committed a delinquent act or a juvenile petty offense *may not be adjudicated as a delinquent* solely on the basis of having knowingly interfered with or disobeyed an order of the court.

Minn.Stat. 260B.421 (2002) (emphasis added).

■ The record shows that D.T.P. was under the continuing jurisdiction of the court because he was on probation for truancy, which is a status offense and is not categorized as a delinquent act or a juvenile petty offense. Thus, he should not have been adjudged delinquent solely on the basis of contempt of court.

■ Here, the district court correctly held that, because D.T.P. failed to appeal the initial adjudication of delinquency, it became the law of the case. *See State v. Harrington*, 504 N.W.2d 500, 503 (Minn. App.1993) (holding that where appellants did not appeal the validity of an order the order became the law of the case), *review denied* (Minn. Sept. 30, 1993).

Regardless, the district court did not use the adjudication of delinquency to enhance the theft offense to a misdemeanor. D.T.P. had a prior misdemeanor and therefore was properly charged with a misdemeanor rather than a juvenile petty offense under Minn.Stat. 260B.007, subd. 16(c)(3).

Furthermore, under Minn.Stat. 260B.007, subd. 6(a)(1) (2002), a "delinquent child" means a child who has violated any state or local law, with the exception of juvenile petty offenses, alcohol offenses, and controlled-substance offenses. Because D.T.P. committed misdemeanor theft, he violated a state or local law that was not one of the excepted offenses, and he is therefore a "delinquent child." Thus, the current adjudication of delinquency is valid under Minn.Stat. 260B.007, subd. 6(a)(1).

## III

■ The parties seem to agree that the district court was required to make findings on the disposition. A juvenile court disposition for out-of-home placement must be supported by findings that address five subjects: (1) why public safety is served by the disposition; (2) why the

best interests of the child are served by the disposition; (3) what alternative dispositions were proposed to the court and why such recommendations were not ordered; (4) why the child's present custody is unacceptable; and (5) how the correctional placement meets the child's needs. *In re Welfare of J.S.S.*, 610 N.W.2d 364, 366–67 (Minn.App.2000).

The courts order, in paragraph 3 of the Findings of Fact, states:

> The transcript of these proceedings sets forth facts which support this disposition order and is hereby incorporated as to: (a) why the best interests of the child are served by this disposition order and (b) what alternative dispositions were considered by the court and discussed as to why they were not appropriate in said case.

If the requisite particularized findings are made on the record and appear in a transcript, it is appropriate for the district court to incorporate those findings by reference into its order. But the transcript here does not contain the requisite findings, and the boilerplate language in paragraph 3 fails to identify the facts that support the court's disposition. Thus, we remand for findings of fact as to the disposition of the matter.

## DECISION

Because D.T.P. has a prior misdemeanor adjudication, the district court properly designated the current offense as a misdemeanor, and we affirm that portion of the district court's decision. Because D.T.P. failed to appeal the initial adjudication of delinquency, the district court correctly held that the initial adjudication became the law of the case, and we affirm the validity of the current adjudication of delinquency. But because the district court failed to support its disposition for out-of-home placement, we remand for further findings.

**Affirmed in part and remanded.**