**In the Matter of the WELFARE OF H.A.D., Child.**

No. A07–1341.

Supreme Court of Minnesota.

April 16, 2009.

Lawrence Hammerling, Chief State Appellate Public Defender, Susan J. Andrews, Assistant State Public Defender, St. Paul, for appellant.

Lori Swanson, Minnesota Attorney General, St. Paul; and Paul Beaumaster, Rice County Attorney, Benjamin Bejar, Assistant Rice County Attorney, Faribault, for respondent.

OPINION

GILDEA, Justice.

The issue raised in this appeal is whether the juvenile court lacked the authority to order restitution pursuant to Minn.Stat. § 611A.04 (2008). Appellant H.A.D. pleaded guilty in juvenile court to fifth-degree assault. The court adjudicated H.A.D. delinquent and placed her on probation for 1 year. After the period of probation expired, the juvenile court ordered H.A.D. to pay restitution to the assault victim. The court of appeals held that the restitution order was valid with respect to the restitution requests filed during the probationary period. *In re Welfare of H.A.D.*, No. A07–1341, 2008 WL 2246267, at *3 (Minn.App. June 3, 2008). Because we hold that the juvenile court did not have the statutory authority to order restitution once

H.A.D.'s probationary period expired, we reverse.

This case arises from H.A.D.'s assault of L.M. The State charged H.A.D. in connection with this offense, and she pleaded guilty to fifth-degree assault, Minn.Stat. § 609.224, subd. 1 (2008), on January 23, 2006, in Steele County. Because H.A.D. lived in Rice County, her case was transferred to Rice County for a dispositional hearing.

At the March 20, 2006, dispositional hearing, the juvenile court adjudicated H.A.D. delinquent and placed her on probation for 1 year.[1] With respect to restitution, the court stated: "As long as [H.A.D. is] on probation a claim for restitution can be filed." On March 23, 2006, the court issued a written order adjudicating H.A.D. delinquent. The written order made no mention of restitution.

In June 2006, during H.A.D.'s probationary period, ACS Recovery Services and Blue Cross Blue Shield each filed affidavits in Steele County seeking restitution from H.A.D. Court administrators in Steele County forwarded the affidavits to Rice County in March 2007. In addition, L.M.'s mother filed a request for restitution in Rice County on March 14, 2007.

On March 15, 2007, H.A.D.'s probation officer wrote to the Rice County Juvenile Court, asking the court to extend H.A.D.'s probation for 6 months. The probation officer's letter stated that H.A.D. was "in substantial compliance with the conditions of probation." Nevertheless, H.A.D.'s probation officer requested the 6–month extension to address the restitution requests. On March 20, 2007, the juvenile court issued an order extending H.A.D.'s probation for 6 months.

Between March 21, 2007, and June 4, 2007, various parties seeking restitution filed several additional restitution affidavits with the juvenile court in Rice County. The juvenile court held a restitution hearing on June 5, 2007, on all of the requests for restitution. At the hearing, H.A.D. objected to any restitution, arguing that the court lacked authority to order restitution because her probation had ended on March 19, 2007. By order dated June 11, 2007, the juvenile court ordered H.A.D. to pay $5,806.25 in restitution.

H.A.D. appealed, and the Minnesota Court of Appeals affirmed in part and reversed in part. *In re Welfare of H.A.D.*, 2008 WL 2246267, at *3. The court agreed with H.A.D. that her probation ended on March 19, 2007. *Id.* at *2. The court of appeals further held that the juvenile court lacked jurisdiction on March 20, 2007 to extend H.A.D.'s probation by 6 months. *Id.* The court therefore reversed the portion of the restitution order reflecting requests filed after March 19, 2007.

But the court of appeals affirmed the juvenile court's restitution order with respect to the three restitution requests filed during the probationary period. The court reasoned that:

> At the original disposition hearing, the court stated that as long as H.A.D. was on probation, claims for restitution could be submitted. While the district court did not include specific restitution in its written order, it did provide for it on the record once medical expenses were determined. We reject H.A.D.'s contention that restitution was a nonessential component of the disposition.

---

1. The juvenile court judge stated: "[T]he court does hereby adjudicate you delinquent for the charge of assault in the fifth degree, and I'm going to place you on supervised probation for a period of one year."

*Id.* We granted H.A.D.'s petition for review.

### I.

▮▮ In juvenile matters, restitution is governed by both the restitution provision of the delinquency statutes, Minn.Stat. § 260B.198, subd. 1(5) (2008), and the general restitution statute, Minn.Stat. § 611A.04, subd. 1. Application of these statutes to essentially undisputed facts is a question of law that we review de novo. *Varda v. Northwest Airlines Corp.*, 692 N.W.2d 440, 444 (Minn.2005).

A court may order restitution at the dispositional hearing, provided that "all information regarding restitution [is] received by the court ... at least three business days before the ... dispositional hearing." Minn.Stat. § 611A.04, subd. 1(a). The "issue of restitution is reserved," however, if the necessary information is not received by the court in time for the dispositional hearing. *Id.*

Minnesota Statutes § 611A.04, subd. 1(b) provides that:

> The court may amend or issue an order of restitution after the sentencing or dispositional hearing if:
>
> (1) the offender is on probation, committed to the commissioner of corrections, or on supervised release;
>
> (2) sufficient evidence of a right to restitution has been submitted; and
>
> (3) the true extent of the victim's loss ... was not known at the time of the ... dispositional hearing. ...

H.A.D. argues that under the plain language of Minn.Stat. § 611A.04 (2008), the juvenile court lacked the authority to order restitution because she was no longer on probation when the court ordered her to pay restitution. The State responds with two alternative arguments. First, the State argues that the juvenile court essentially ordered restitution at the March 20, 2006 dispositional hearing. Second, the State argues that the June 11, 2007 restitution order was valid because the juvenile court validly extended H.A.D.'s period of probation. We consider these arguments in turn.

The State first argues, and the court of appeals held, that the juvenile court ordered restitution at the March 20, 2006 dispositional hearing, with the right to restitution conditioned on the court's receipt of supporting affidavits from the victim. *In re Welfare of H.A.D.*, 2008 WL 2246267, at *2. Therefore, according to the State, the juvenile court ordered restitution within H.A.D.'s probationary period, and once the court received the supporting affidavits, restitution was proper. We disagree.

In our view of the record, the juvenile court did not order restitution at the March 20, 2006 dispositional hearing. During the dispositional hearing, the court simply stated that "[a]s long as [H.A.D. is] on probation a claim for restitution can be filed." This statement is most naturally interpreted as a reservation of the restitution issue, together with an invitation to the victim to file the necessary paperwork during H.A.D.'s probationary period. As of the March 20 hearing, no such request had been filed so there was nothing for the court to order in terms of restitution at that point.

Moreover, if the juvenile court did order restitution at the dispositional hearing, the statutory procedures were not followed. The restitution statute makes plain that a court may order restitution at the dispositional hearing, provided that "all information regarding restitution [is] received by the court ... at least three business days before the ... dispositional hearing." Minn.Stat. § 611A.04, subd. 1(a). The court is then required to give the offender an opportunity to respond to specific items

of restitution. *See* Minn.Stat. § 611A.045, subd. 3 (2008). In this case, none of these procedures were followed prior to the court's dispositional hearing.

Finally, the juvenile court made no mention of restitution in its written dispositional order. In light of all of these facts, the record simply does not support the conclusion that the court ordered restitution at its March 20, 2006 dispositional hearing. Instead, the record confirms that the issue of restitution was reserved.

We turn next to the State's alternative argument that the juvenile court had the statutory authority to order restitution in its June 11, 2007 order because H.A.D.'s probation was extended on March 20, 2007. As we stated in *State v. Pflepsen,* 590 N.W.2d 759, 765 (Minn.1999), "a district court lacks authority to modify the conditions of probation once probation has expired." There is no dispute that the June 11, 2007 order was issued more than one year after the court placed H.A.D. on probation on March 20, 2006. Therefore, the validity of the June 11, 2007 restitution order turns entirely on the validity of the juvenile court's March 20, 2007 order purporting to extend H.A.D.'s probation for 6 months.

Minnesota Statutes § 260B.198, subd. 9 (2008) states that "before an order has expired and upon the [juvenile] court's own motion . . . the court has continuing jurisdiction to renew the order . . . until the individual becomes 19 years of age." As we did in *Pflepsen,* we draw from the statute the negative inference that once an order has expired, the court lacks statutory authority to renew the order. *See Nelson v. Productive Alternatives, Inc.,* 715 N.W.2d 452, 457 (Minn.2006) (explaining the canon of statutory construction "expressio unius [est] exclusio alterius," meaning the expression of one thing is the exclusion of another).

The parties agree that H.A.D.'s probation began on March 20, 2006, the date of the dispositional hearing, and ended one year later. But the State argues that H.A.D.'s probation ran for one "full year," which included March 20, 2007. The State's argument—essentially arguing that there are 366 days in a year—lacks merit. Notably, periods of 366 days are consistently referred to throughout the Minnesota Sentencing Guidelines as "a year and a day." *See, e.g.,* Minn. Sent. Guidelines II.E. The juvenile court placed H.A.D. on probation for one year and that year expired on March 19, 2007.

Because H.A.D.'s probation expired on March 19, 2007, the juvenile court lacked the statutory authority on March 20, 2007, to extend H.A.D.'s probationary period by 6 months. Accordingly, we hold that the court was no longer authorized by law to order restitution on June 11, 2007.

Reversed.