*This opinion will be unpublished and may not be cited except as provided by Minn. Stat. § 480A.08, subd. 3 (2014).*

**STATE OF MINNESOTA
IN COURT OF APPEALS
A15-1670**

In the Matter of the Welfare of: B. A. H., Child.

**Filed May 2, 2016
Reversed and remanded
Jesson, Judge**

Olmsted County District Court
File No. 55-JV-14-7763

Lori Swanson, Attorney General, St. Paul, Minnesota; and

Mark A. Ostrem, Olmsted County Attorney, James P. Spencer, Assistant County Attorney, Rochester, Minnesota (for respondent State)

Cathryn Middlebrook, Chief Appellate Public Defender, Susan J. Andrews, Assistant Public Defender, St. Paul, Minnesota (for appellant child)

Considered and decided by Jesson, Presiding Judge; Kirk, Judge; and Klaphake, Judge.*

**U N P U B L I S H E D   O P I N I O N**

**JESSON**, Judge

Appellant challenges the district court's restitution order, arguing that the district court failed to consider his ability to pay and whether the restitution obligation is necessary to his rehabilitation. We conclude that the district court fully considered appellant's ability

---

* Retired judge of the Minnesota Court of Appeals, serving by appointment pursuant to Minn. Const. art. I, § 10.

to pay in determining the amount of restitution. But, because the district court did not make written findings required in juvenile delinquency disposition orders, we reverse and remand. On remand, the district court may impose the restitution order if it determines that restitution is necessary to the child's rehabilitation and makes the required findings.

## FACTS

On April 1, 2015, appellant B.A.H. pleaded guilty to two counts of second-degree arson in violation of Minn. Stat. § 609.562 (2014). B.A.H., who was 15 years old at the time of the offenses, admitted that on November 3, 2014, he poured gasoline on the hood of a neighbor's car and used a lighter to set the vehicle aflame. He also admitted that on November 8, 2014, he lit a neighbor's pick-up truck on fire, and the fire spread from the neighbor's truck to the garage.

B.A.H. was adjudicated delinquent on one of the two counts, received a stay of adjudication on the other count, and was placed on probation until his 19th birthday. The district court issued a written order requiring, among other things, that B.A.H. pay restitution. The order notes that the district court "considered dispositional alternatives appropriate to restoring the child to law abiding behavior and has determined that the disposition herein is the least restrictive and is in the child's best interests."

After his plea and disposition hearing, B.A.H. filed a motion requesting a contested restitution hearing. The motion asked the district court to consider B.A.H.'s income, resources, and obligations and to modify the restitution amount according to B.A.H.'s ability to pay. B.A.H. also submitted an affidavit saying that if he obtained a minimum-

2

wage job and worked full-time during the summers he would be able to pay $9,900 in restitution before the expiration of his probation on his 19th birthday.

A contested restitution hearing was held on June 26, 2015. B.A.H. agreed that the total amount of the victims' losses was $70,231, but he argued that he did not have the ability to pay that amount. The district court issued an order requiring B.A.H. to pay a minimum of $10,000 while on probation. The district court further ordered that any amount of the $70,231 remaining unpaid after the expiration of B.A.H.'s probation be reduced to a civil judgment against B.A.H. This appeal follows.

## D E C I S I O N

In juvenile cases, restitution is governed both by the general restitution statute and the restitution provision of the juvenile delinquency statutes. *In re Welfare of H.A.D.*, 764 N.W.2d 64, 66 (Minn. 2009); *see* Minn. Stat. § 611A.04, subd. 1 (2014) (general restitution statute); Minn. Stat. § 260B.198, subd. 1(5) (2014) (restitution provision of juvenile delinquency statutes). A district court may impose restitution and a wide range of other dispositions if it deems them "necessary to the rehabilitation" of the juvenile. Minn. Stat. § 260B.198, subd. 1. In general, the district court has broad discretion in determining restitution awards and imposing disposition in juvenile matters. *State v. Palubicki*, 727 N.W.2d 662, 666 (Minn. 2007); *In re Welfare of J.L.Y.*, 596 N.W.2d 692, 696 (Minn. App. 1999), *review granted* (Minn. Sept. 28, 1999) *and appeal dismissed* (Feb. 15, 2000). This court, however, reviews the application of the requirements in the restitution and the juvenile delinquency statutes to undisputed facts de novo. *H.A.D.*, 764 N.W.2d at 66.

3

B.A.H. argues that the district court abused its discretion by ordering him to pay the full amount of restitution without regard to his ability to pay. B.A.H. also argues that the district court failed to make required findings regarding how restitution is necessary to his rehabilitation. We first consider B.A.H.'s argument that the district court failed to consider his ability to pay in determining the amount of restitution. We then determine whether the district court made necessary findings required by the juvenile delinquency statutes and the Rules of Juvenile Delinquency Procedure. Although we conclude that the district court fully considered B.A.H.'s ability to pay and did not abuse its discretion in determining the amount of restitution, we reverse and remand because the district court failed to show that it considered whether restitution is necessary to B.A.H.'s rehabilitation before imposing disposition.

### *Ability to Pay*

B.A.H. first argues that the district court erred by imposing a $70,231 restitution obligation when the most he could pay was $10,000. The district court, in determining whether to order restitution and the amount of the restitution, must consider: "(1) the amount of economic loss sustained by the victim as a result of the offense; and (2) the income, resources, and obligations of the defendant." Minn. Stat. § 611A.045, subd. 1(a) (2014). A victim of a crime has a right to receive restitution, and the primary purpose of restitution is to compensate victims. Minn. Stat. § 611A.04, subd. 1(a); *Palubicki*, 727 N.W.2d at 666.

The district court found that the total amount of economic loss suffered by B.A.H.'s victims was $70,231. B.A.H. does not dispute this amount. Instead, he argues that he is

4

unable to pay $70,231 in restitution. In an affidavit submitted to the district court, B.A.H. said that if he obtained a minimum wage job and worked full-time during the summers he could pay $9,900 in restitution before the expiration of his probation on his nineteenth birthday. The district court found that B.A.H. is "fully capable of obtaining and maintaining employment during the summers and school years until age 19." Accordingly, the district court found that B.A.H. was capable of paying at least $10,000 in restitution while on probation. The district court then ordered B.A.H. to pay a minimum of $10,000 in restitution while on probation. The district court further ordered probation to work with B.A.H. to establish "a monthly payment plan." Finally, the district court ordered that after expiration of B.A.H.'s probation the remaining amount of restitution "shall be reduced to a [civil] judgment against" B.A.H.

The district court properly based the restitution award on B.A.H.'s ability to pay and the economic loss of the victims. It ordered partial restitution in the amount of $10,000 as a condition of B.A.H.'s probation and allowed the remaining amount of restitution to be docketed as a civil judgment. Under the restitution statutes, "[i]f the court grants partial restitution it shall also specify the full amount of restitution that may be docketed as a civil judgment." Minn. Stat. § 611A.04, subd. 1(c). The supreme court has stated that this provision of the statute is "intended to give the courts wide flexibility to structure restitution orders that take into account a defendant's ability to pay." *State v. Maidi*, 537 N.W.2d 280, 285-86 (Minn. 1995). We conclude that district court properly considered B.A.H.'s ability to pay and did not abuse its discretion in determining the amount of restitution under the restitution statutes.

*Rehabilitation*

B.A.H. next argues that the district court erred by failing to consider how restitution is necessary to return him to law-abiding behavior. He claims that the large restitution obligation will not encourage his rehabilitation because it will force him to work, rather than focus on school, and could prevent him from seeking a college education. As stated above, the district court may order a wide range of dispositions in juvenile cases, including restitution, if it determines they are "necessary to the rehabilitation of the child." Minn. Stat. § 260B.198, subd. 1.

There are fundamental differences between children and adults that affect how we treat juveniles in the justice system. *Roper v. Simmons*, 543 U.S. 551, 569-70, 125 S. Ct. 1183, 1195 (2005). Juveniles lack maturity and a developed sense of responsibility, they are more susceptible to peer pressure, and their character is not yet fully formed. *Id.* For these reasons, juveniles are less culpable than adults and the focus of juvenile court is rehabilitation, not punishment. *Id.* at 571, 125 S. Ct. at 1196; *In re Welfare of J.E.C.*, 302 Minn. 387, 401, 225 N.W.2d 245, 254 (1975). In order to fulfill this goal of the juvenile justice system and to allow for meaningful appellate review, it is vital that the district court show through written findings that it has considered whether the disposition ordered is necessary to the child's rehabilitation. Minn. Stat. § 260B.198, subd. 1(13); Minn. R. Juv. Delinq. P. 15.05, subd. 2(A)(1)-(2), 2(B); *J.L.Y.*, 596 N.W.2d at 696.

Here, the district court's disposition orders fail to so. The district court first ordered restitution on April 1, 2015. The order states that the district court "has considered dispositional alternatives appropriate to restoring the child to law abiding behavior and has

6

determined that the disposition herein is the least restrictive and is in the child's best interests." The order does not state why the disposition serves public safety, why the disposition is in the child's best interests, the alternative dispositions that were considered, or why alternative dispositions were not imposed—all findings required by Minnesota law. Minn. Stat. § 260B.198, subd. 1(13); Minn. R. Juv. Delinq. P. 15.05, subd. 2(A)(1)-(2). Nor does the district court's order following the contested restitution hearing make these findings.

This court has previously held that language similar to that in B.A.H.'s original disposition order did not comply with Minn. Stat. § 260B.198 and Minn. R. Juv. Delinq. P. 15.05.[1] *See In re Welfare of D.T.P.*, 685 N.W.2d 709, 713 (Minn. App. 2004). In *D.T.P.*, the district court's disposition order contained the following language:

> The transcript of these proceedings sets forth facts which support this disposition order and is hereby incorporated as to: (a) why the best interests of the child are served by this disposition order and (b) what alternative dispositions were considered by the court and discussed as to why they were not appropriate in said case.

*Id.* at 713. We concluded that the district court's written order may incorporate findings made on the record at the hearing by reference to the transcript of the proceedings. 685 N.W.2d 709, 713 (Minn. App. 2004). We, however, remanded for additional findings because the "boilerplate language" recited above failed to identify the facts that supported

---

[1] The district court's order following the contested restitution hearing did not even contain the boilerplate language in the district court's original disposition order.

the district court's ordered disposition, and the transcript did not contain the requisite findings. *Id.*

In B.A.H.'s case, while the initial disposition order indicates that the district court believed restitution to be in the child's best interests, there is no indication of how restitution or the other dispositions ordered help rehabilitate the child. The statement in the initial disposition order also does not contain any facts particular to the child and appears to be boilerplate language like that in *D.T.P. See* 685 N.W.2d at 713. Furthermore, the district court's orders do not incorporate the transcript from the disposition hearing or the contested restitution hearing, and, even if they did, the transcripts do not contain the necessary particularized findings.

The district court erred by failing to make the written findings required by the statute and the rules. Without these findings we cannot tell if the district court considered whether its restitution order was necessary to restore B.A.H. to law-abiding behavior. We therefore reverse the district court's restitution order. On remand, the district court may impose restitution if it determines that the order is necessary to B.A.H.'s rehabilitation and makes the necessary written findings. *See* Minn. Stat. § 260B.198, subd. 1(13); Minn. R. Juv. Delinq. P. 15.05, subd. 2(A)(1)-(2), 2(B).

**Reversed and remanded.**